Richard M. Cieri
Jonathan S. Henes
Colin M. Adams
**KIRKLAND & ELLIS LLP**
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Proposed Counsel for the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| TRONOX INCORPORATED, et al.,[1] | ) |
| | ) Case No. 09-___ |
| Debtors. | ) Joint Administration Requested |
| | ) |

### *EX PARTE* MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE CONFIDENTIAL EXHIBIT TO THE DEBTOR IN POSSESSION FINANCING MOTION AND (B) LIMITING NOTICE THEREOF

The above-captioned debtors (collectively, the "Debtors") hereby move the Court, pursuant to this motion (the "Motion")[2], for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to file under seal the confidential Fee Letter (as defined below) referenced in the Motion Of The Debtors For Entry Of Interim And Final Orders (A) Authorizing The Debtors To Obtain Superpriority Priming Postpetition Secured Financing And Utilize Cash Collateral; (B) Authorizing The Debtors To Repay Their Receivables Securitization Facility; (C)

---

[1] The Debtors in these cases include: Tronox Luxembourg S.ar.L; Tronox Incorporated; Cimarron Corporation; Southwestern Refining Company, Inc.; Transworld Drilling Company; Triangle Refineries, Inc.; Triple S, Inc.; Triple S Environmental Management Corporation; Triple S Minerals Resources Corporation; Triple S Refining Corporation; Tronox LLC; Tronox Finance Corp.; Tronox Holdings, Inc.; Tronox Pigments (Savannah) Inc.; and Tronox Worldwide LLC.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the DIP Motion.

139544508

Granting Adequate Protection To Prepetition Secured Lenders; And (D) Scheduling Final Hearing (the "DIP Motion"), filed contemporaneously herewith, and limiting notice thereof. In support of this Motion, the Debtors respectfully state as follows:[3]

## Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 107 of the U.S. Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9077-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules").

## Background

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or an examiner has been made, and no committees have been appointed or designated. Concurrently with the filing of this Motion, the Debtors have sought procedural consolidation and joint administration of the Chapter 11 Cases.

---

[3] Additional facts and circumstances supporting this Motion are set forth in the DIP Motion. Additional information is also available in the Declaration of Gary Barton, Senior Director at Alvarez & Marsal North America LLC, in Support of First Day Motions (the "First Day Declaration"), filed contemporaneously herewith.

2

**The DIP Facility and Related Fee Letter**

5.  As described in more detail in the DIP Motion, filed contemporaneously herewith, the Debtors seek authorization to enter into a $125 million superpriority priming senior secured credit facility (the "DIP Facility"), which is evidenced by the Credit Agreement (the "DIP Credit Agreement") among Tronox Inc., Tronox Worldwide, as Borrower, certain of the Borrower's subsidiaries, as guarantors, Credit Suisse Securities (USA) LLC as Sole Lead Arranger and Sole Bookrunner, Credit Suisse as Administrative Agent (the "DIP Agent"), JPMorgan Chase Bank, N.A. as Collateral Agent, and the banks, financial institutions and other lenders parties thereto (collectively, together with the DIP Agent and the Collateral Agent, the "DIP Lenders").

6.  As consideration for the DIP Agent's agreements under the DIP Credit Agreement, the Debtors have agreed to pay the fees set forth in a Fee Letter, dated as of the date of the DIP Credit Agreement, between Tronox Inc., Tronox Worldwide, Credit Suisse Securities (USA) LLC and Credit Suisse, Cayman Islands Branch (the "Fee Letter"). The Fee Letter contains sensitive, confidential commercial information regarding, *inter alia*, the structure and amount of the fees relating to the DIP Facility. Because the disclosure of this information could harm the DIP Agent, the Debtors have agreed to seek authority to file the Fee Letter under seal and to provide for the limited disclosure of the Fee Letter described herein.

**Relief Requested**

7.  By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A, authorizing them to file copies of the Fee Letter under seal in accordance with section 107(b) of the Bankruptcy Code and directing that the Fee Letter shall remain under seal and confidential, and not be made available to anyone without the consent of the Debtors and the DIP Agent.

8. The Debtors further request that the Court (a) restrict access to the Fee Letter to (i) the United States Trustee for the Southern District of New York, (ii) counsel and financial advisors to the Official Committee of Unsecured Creditors, to the extent that one is appointed in the Chapter 11 Cases and (iii) any other party as may be ordered by the Court or agreed to by the Debtors and the DIP Agent, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors and the DIP Agent that preserve the confidentiality of the Fee Letter (and any information derived therefrom) (collectively, the "Limited Notice Parties"); and (b) determine that service of the DIP Motion shall be sufficient without transmittal of the Fee Letter.

### Basis for Relief

9. Section 107(b) of the Bankruptcy Code authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may --
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information…

11 U.S.C. § 107(b).

10. Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides, in part:

> On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information…

FED. R. BANKR. P. 9018.

11. Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Court, "the court is required to protect a requesting interested party and has no discretion to deny the

4

application." Video Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Id. at 28.

12. In Orion, the Second Circuit affirmed the bankruptcy court's order to seal a licensing agreement because the release of any information pertaining to the agreement's overall structure or terms and conditions would adversely affect Orion's ability to negotiate favorable promotional agreements, thereby giving Orion's competitors an unfair advantage. Id. In affirming the order of protection, the Second Circuit noted that section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. Id. at 27. The Court further noted that, under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." Id.

13. Moreover, in In re Northwest Airlines Corp., Case No. 05-17930 [Docket No. 6511] (Bankr. S.D.N.Y. May 2, 2007), the court implemented the protection afforded by section 107(b) of the Bankruptcy Code to authorize a chapter 11 debtor to file a fee letter under seal in connection with the debtor's motion for approval of an exit financing facility. See also In re Calpine Corp., Case No. 05-60200 [Docket Nos. 3494, 5028 and 7118] (Bankr. S.D.N.Y. Jan. 29, 2007, June 21, 2007, and Dec. 14, 2007) (authorizing Debtors to file fee letter with respect to Debtors' refinancing effort and exit financing effort under seal); In re Adelphia Commc'ns Corp., Case No. 02-41729 [Docket No. 13092] (Bankr. S.D.N.Y. Jan. 25, 2007) (authorizing debtor to file documentation of fee structure for underwriting agreement under seal).

14. The Debtors submit that good cause exists to authorize the Debtors to file the Fee Letter under seal and limit notice of the same. The Fee Letter contains detailed proprietary information describing the fees of the DIP Agent, which is customarily considered by the DIP Agent, as well as the finance lending industry in general, to be highly sensitive and confidential

5

information not typically disclosed to the public or made available to other competing financial institutions. Given the highly competitive nature of the investment banking and finance lending industries, it is of the utmost importance to the DIP Agent that the details of the fee structures and allocations set forth in the Fee Letter be kept confidential so that its competitors may not use the information contained therein to gain a strategic advantage over the DIP Agent in the marketplace.

15. The Debtors also submit that notice of the Fee Letter, and service of such exhibit, should be limited to the Limited Notice Parties, unless otherwise agreed to by the Debtors and the DIP Agent. The Limited Notice Parties have the greatest interest in the Fee Letter. Accordingly, limiting notice to these entities will subject the Fee Letter to sufficient scrutiny on its merits while, at the same time, minimizing any impact on the Debtors' ongoing business objectives.

**Motion Practice**

16. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

**Notice**

17. Pursuant to Bankruptcy Rule 9019 and Local Bankruptcy Rule 9077-1(b), a Court may grant a motion to file confidential information "with or without notice" to interested parties. Because the DIP Motion was not finalized until January 12, 2009, no advance notice of the DIP Motion was given. Pursuant to Bankruptcy Rule 9018, the Court may grant the relief requested without notice. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York, Attn: Susan Golden; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the agent for the Debtors' proposed postpetition secured

6

lenders; (d) counsel to the agent for the Debtors' prepetition secured lenders; (e) the trustee for the Debtors' 9.5% senior unsecured notes due 2012; (f) counsel to the agent for the Debtors' prepetition receivables securitization facility; (g) the Internal Revenue Service and (h) the Securities and Exchange Commission.  A copy of the Application is also available on the website of the Debtors' notice and claims agent, Kurtzman Carson Consultants LLC, at http://www.kccllc.net/tronox.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## No Prior Request

18.    No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request an entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) authorizing the Debtors to file copies of the Fee Letter under seal, (b) limiting the parties who have access to the Fee Letter and (c) granting such other and further relief as the court deems appropriate.

Dated:  January 12, 2009　　　　　　　　　　　Respectfully submitted,
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　 /s/ Jonathan S. Henes　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　Richard M. Cieri
　　　　　　　　　　　　　　　　　　　　　　Jonathan S. Henes
　　　　　　　　　　　　　　　　　　　　　　Colin M. Adams
　　　　　　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　　　　　　Citigroup Center
　　　　　　　　　　　　　　　　　　　　　　153 East 53rd Street
　　　　　　　　　　　　　　　　　　　　　　New York, New York  10022-4611
　　　　　　　　　　　　　　　　　　　　　　Telephone:  (212) 446-4800
　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (212) 446-4900

　　　　　　　　　　　　　　　　　　　　　　Proposed Counsel for the Debtors
　　　　　　　　　　　　　　　　　　　　　　and Debtors in Possession

# EXHIBIT A

**Proposed Order**

09-10156-mew    Doc 5    Filed 01/12/09    Entered 01/12/09 03:30:06    Main Document
Pg 9 of 11

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re: ) ) ) Chapter 11 ) Tronox Incorporated, <u>et al.</u>,[1] ) ) Case No. 09-_____ Debtors. ) Joint Administration Requested ) | |

**ORDER AUTHORIZING THE DEBTORS (A) TO FILE UNDER
SEAL EXHIBIT TO THE DIP MOTION AND (B) LIMITING NOTICE THEREOF**

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for entry of an order (a) authorizing the Debtors to file under seal copies of the Fee Letter referenced in the DIP Motion and (b) limiting disclosure of the Fee Letter to the United States Trustee and the Limited Notice Parties and upon the First Day Declaration; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

    1.      The Motion is granted in its entirety.

---

[1] The Debtors in these cases include: Tronox Luxembourg S.ar.L; Tronox Incorporated; Cimarron Corporation; Southwestern Refining Company, Inc.; Transworld Drilling Company; Triangle Refineries, Inc.; Triple S, Inc.; Triple S Environmental Management Corporation; Triple S Minerals Resources Corporation; Triple S Refining Corporation; Tronox LLC; Tronox Finance Corp.; Tronox Holdings, Inc.; Tronox Pigments (Savannah) Inc.; and Tronox Worldwide LLC.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

2. The Fee Letter shall remain under seal and confidential and shall only be made available to the Limited Notice Parties and such other parties as may be agreed to by the Debtors and the DIP Agent, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors and the DIP Agent that preserve the confidentiality of the Fee Letter (and any information derived therefrom).

3. The Limited Notice Parties shall be bound by this Order and shall at all times keep the Fee Letter strictly confidential and shall not disclose the contents of the Fee Letter to any party whatsoever, including but not limited to their respective clients.

4. Any pleadings filed in the Chapter 11 Cases that reference or disclose the information contained in the Fee Letter (other than the information contained in the DIP Motion) shall be filed under seal and served only on those parties authorized to receive the Fee Letter in accordance with this Order.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. Notwithstanding the possible applicability of Rules 6004(h), 7062 and 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: _____, 2009

                                                _____
                                                     United States Bankruptcy Judge