TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York  10119
(212) 594-5000
Albert Togut
Scott E. Ratner

Proposed Conflicts Counsel to the
  Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TRONOX INCORPORATED, et al.,[1] | ) | Case No. 09-10156 (SMB) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## DEBTORS' APPLICATION TO EMPLOY AND RETAIN TOGUT, SEGAL & SEGAL, LLP AS CONFLICTS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION

Tronox Incorporated and its above-captioned subsidiaries and affiliates, as debtors and

debtors in possession (collectively, the "Debtors" or the "Company") file this application (the

"Application") seeking entry of an order, in substantially the form attached hereto as **Exhibit A**,

authorizing the employment and retention of Togut, Segal & Segal, LLP (the "Togut Firm") as

conflicts counsel for the Debtors, *nunc pro tunc* to the date of commencement of the above-

captioned cases (the "Petition Date").  In support of this Application, the Debtors rely on the

Declaration of Albert Togut, a member of the Togut Firm (the "Togut Declaration"), a copy of

---

[1]    The Debtors in these cases include:  Tronox Luxembourg S.ar.L;  Tronox Incorporated;  Cimarron Corporation;
Southwestern Refining Company, Inc.;  Transworld Drilling Company;  Triangle Refineries, Inc.;  Triple S,
Inc.;  Triple S Environmental Management Corporation;  Triple S Minerals Resources Corporation;  Triple S
Refining Corporation;  Tronox LLC;  Tronox Finance Corp.;  Tronox Holdings, Inc.;  Tronox Pigments
(Savannah) Inc.;  and Tronox Worldwide LLC.

which is attached hereto as **Exhibit B** and incorporated herein by reference.  In further support of

this Application, the Debtors respectfully state as follows:[2]

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 327(a) and

330 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2014(a)

and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules

2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the

Southern District of New York (the "Local Bankruptcy Rules").

### Background

4.      On the date hereof (the "Petition Date"), each of the Debtors filed a

petition with the Court under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11

Cases").  The Debtors are operating their businesses and managing their property as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the

appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no

committees have been appointed or designated.  Concurrently with the filing of this Application,

the Debtors have requested procedural consolidation and joint administration of these Chapter 11

Cases.

---

[2]     To the extent not provided in the Togut Declaration, the facts and circumstances supporting this Application are
set forth in the Declaration of Gary Barton, Senior Director at Alvarez & Marsal North America, LLC, in
Support of First Day Motions (the "First Day Declaration"), filed contemporaneously herewith.

5.     The Debtors, together with their non-Debtor affiliates (collectively, "Tronox"), are among the world's leading producers of titanium dioxide pigment and electrolytic and other specialty chemicals.  Tronox's products are used in the manufacture of a number of everyday goods and consumer products such as paints, coatings, plastics, paper, batteries, toothpaste, sunscreen and shampoo.  Tronox employs over 1,800 people worldwide and has approximately 1,100 customers located in more than 100 countries.

6.     As set forth in the First Day Declaration, filed contemporaneously herewith, Tronox was formed as a result of a spinoff from Kerr-McGee Corporation ("Kerr-McGee"), which was completed in March 2006.[3]  In connection with the spinoff, Tronox became responsible for a variety of environmental, tort, pension, workers' compensation and other post-employment liabilities arising from various of Kerr-McGee's discontinued chemical, refining, coal, nuclear, offshore contract drilling, and other businesses.  Tronox has spent approximately $118 million on these legacy liabilities since the spinoff, even though the vast majority of these liabilities are unrelated to Tronox's operating business.  From Tronox's inception, the legacy liabilities have consumed a significant portion of the cash generated by Tronox's ongoing business operations.  The deteriorating global economy, rising raw material and energy costs, and decreasing demand for consumer products resulted in these legacy liability costs representing an even greater proportion of Tronox's overall cash flow.  As a result, Tronox's financial performance has materially declined and necessitated the commencement of the Chapter 11 Cases.

---

[3]   On August 10, 2006, Kerr-McGee's shareholders approved an offer by Anadarko Petroleum Corporation ("Anadarko") to acquire Kerr-McGee for $16.4 billion in cash and the assumption of $1.6 billion in debt.  Kerr-McGee became and remains a wholly owned subsidiary of Anadarko.

## **Relief Requested**

7.        By this Application, the Debtors seek the entry of an order pursuant to

sections 327(a) and 328(a) of the Bankruptcy Code, and Bankruptcy Rules 2014(a) and 2016

authorizing the employment and retention of the Togut Firm as conflicts counsel in these Chapter

11 Cases.

8.        Contemporaneously herewith, the Debtors are applying to retain Kirkland

& Ellis LLP ("K&E") as attorneys under a general retainer to represent them in these chapter 11

cases.  It is anticipated that there may be matters with respect to which K&E cannot represent the

Debtors because of a conflict.  The Debtors seek court approval to employ and retain the Togut

Firm as their conflicts counsel in connection with these Chapter 11 cases to handle matters that

the Debtors may encounter which are not appropriately handled by K&E and other professionals

because of a potential conflict of interest or, alternatively, which can be more efficiently handled

by the Togut Firm.  This will avoid unnecessary litigation and reduce the overall expense of

administering these Chapter 11 Cases.  Pursuant to section 327(a) of the Bankruptcy Code, the

Debtors request that the Court approve the retention of the Togut Firm, under a general retainer,

as their attorneys, to perform services that will be necessary during these Chapter 11 Cases in

accordance with the Togut Firm's normal hourly rates and policies in effect when the Togut Firm

renders the services or incurs the expenses.

9.        Having been involved in several cases where it has previously served as

conflicts counsel, the Togut Firm has found that the relationship works best when counsel has a

duty to immediately inform the Togut Firm of any bankruptcy-related matter where there is any

involvement of another client of the relevant counsel's firm, even if the Debtor is not adverse to

that client.  In that way and in this case, counsel is free to advise the Debtors without any

appearance of bias.  As soon as the Togut Firm is notified of a transaction affecting a client of

4

K&E or another counsel, it becomes the Togut Firm's responsibility to be available to advise the

Debtors on any aspect of the bankruptcy-related transaction, motion or litigation as it affects

such other client.  This best serves the Debtors' fiduciary obligation to all creditors.  For those

matters in which the Debtors are clearly adverse to any K&E or other counsel's client, the Togut

Firm will be responsible for handling the matter.

   10. The Debtors have been informed that the partners at the Togut Firm, as

well as counsel to, and associates of the Togut Firm, who will be employed in these Chapter 11

Cases, are members in good standing of the Bar of the State of New York and the United States

District Court for the Southern District of New York.

   11. The Debtors have selected the Togut Firm as their attorneys because of the

firm's knowledge in the field of debtors' protections and creditors' rights and complex business

reorganizations under chapter 11 of the Bankruptcy Code.  In addition, the Togut Firm possesses

extensive expertise, experience and knowledge practicing before this and other bankruptcy

courts.

   12. The Togut Firm has been actively involved in major chapter 11 cases, and

has represented debtors in many cases in this Court and others including, without limitation:  In

re Frontier Airlines Holdings, Inc. et al., Case No. 08-11298 (RDD);  In re Delphi Corp. et al.,

Case No. 05-44481 (RDD);  In re Enron Corp. et al., Case No. 01-16034 (AJG);  In re Saint

Vincents Catholic Medical Centers of New York d/b/a Saint Vincent Catholic Medical Centers,

et al., Case No. 05-14945 (PCB);  In re Tower Auto., Inc., Case No. 05-10578 (ALG);  In re

Allegiance Telecom, Inc., Case No. Case No. 03-13057 (RDD);  In re Ames Department Stores,

Case No. 01-42217 (REG);  In re Loews Cineplex Entertainment Corp., Case No. 01-40346

(ALG);  Onsite Access, Inc., Case No. 01-12879 (RLB);  Daewoo International (America) Corp.,

Case No. 00-11050 (BRL);  Contifinancial Corp., Case No. 00-12184 (ALG);  Lois/USA, Inc.,

Case No. 99-45910 (REG);  and Rockefeller Center Properties, Case No. 95-420789 (PCB).

13.    The employment of the Togut Firm under a general retainer is appropriate

and necessary to enable the Debtors to faithfully execute their duties as debtors and debtors in

possession, and to implement the restructuring and reorganization of the Debtors.

### Scope of Services

14.    Subject to the Court's approval, the Togut Firm will render professional

services to the Debtors for certain discrete matters, which may include, but are not limited to the

following:

(a)    advise the Debtors regarding their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

(b)    attend meetings and negotiate with representatives of creditors and other parties in interest;

(c)    take necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors and representing the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including, but not limited to, objections to claims filed against the estates;

(d)    prepare on the Debtors' behalf motions, applications, adversary proceedings, answers, orders, reports and papers necessary to the administration of the estates;

(e)    advise the Debtors in connection with any potential sale of assets;

(f)    appear before this Court and any appellate courts and protect the interests of the Debtors' estates before these Courts;  and

(g)    perform other necessary legal services and provide other necessary legal advice to the Debtors in connection with these Chapter 11 Cases.

The Togut Firm has indicated its willingness to render the necessary professional services

described above as conflicts counsel.

15.     The Togut Firm will perform the duties of counsel to the Debtors on all matters where K&E cannot perform such services, and while certain aspects of the representation will necessarily involve both the Togut Firm and K&E, the services that the Togut Firm will provide will be complementary rather than duplicative of the services to be performed by such bankruptcy and reorganization counsel.  The Debtors are very mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of the Togut Firm's role as conflicts counsel.

## Compensation

16.     In accordance with section 330(a) of the Bankruptcy Code, the Debtors propose to compensate the Togut Firm on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by the Togut Firm. The primary members of the Togut Firm who will be handling the above matters and their current standard hourly rates are:  (i) partners $760 to $890;  (ii) associates and counsel $295 to $680;  (iii) paralegals and law clerks $135 to $265.

17.     As set forth in the Togut Declaration filed in support of the Application, the hourly rates described above are subject to periodic adjustments to reflect economic and other conditions.  Other attorneys or paralegals may from time to time serve the Debtors in the matters for which the Togut Firm's retention is sought.  The Togut Firm's rates are set at a level designed to compensate the firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is the Togut Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying

7

charges, travel expenses, expenses for "working meals," computerized research, messengers,

couriers, postage, witness fees and other fees related to trials and hearings, transcription costs,

and non-ordinary overhead expenses such as secretarial and other overtime.  The Togut Firm will

charge the Debtors for these expenses in a manner and at rates consistent with charges generally

made to the Togut Firm's other clients.  The Togut Firm believes that it is fairer to charge these

expenses to the client incurring them than to increase the hourly rates and spread the expenses

among all clients.

18.    The Togut Firm will submit interim and final applications for

compensation in accordance with the Bankruptcy Code and Rules, the Local Rules of this Court,

and such other and further Orders as the Court may direct.

### Disinterestedness

19.    To the best of the Debtors' knowledge, and based upon the Togut

Declaration, the Togut Firm does not represent or hold any interest adverse to the Debtors or

their estates with respect to the matters on which the firm is to be employed.  Further, to the best

of the Debtors' knowledge and based on the Togut Declaration, the Togut Firm does not have

any connection with any creditors or other parties in interest, or their respective attorneys or

accountants, or the United States Trustee or any of its employees, except as set forth in the Togut

Declaration.

### Basis for Relief

20.    Section 327(a) of the Bankruptcy Code provides that a debtor, subject to

Court approval:

> Except as otherwise provided in this section, the trustee, with the
> Court's approval, may employ one or more attorneys, accountants,
> appraisers, auctioneers, or other professional persons, that do not

> hold or represent an interest adverse to the estate, and that are
> disinterested persons, to represent or assist the trustee in carrying
> out the trustee's duties under this title.

11 U.S.C. § 327(e).

21.     Moreover, Bankruptcy Rule 2014 requires that an application for retention

include:

> [S]pecific facts showing the necessity for the employment, the
> name of the [firm] to be employed, the reasons for the selection,
> the professional services to be rendered, any proposed arrangement
> for compensation, and, to the best of the applicant's knowledge, all
> of the [firm's] connections with the debtor, creditors, any other
> party in interest, their respective attorneys and accountants, the
> United States trustee, or any person employed in the office of the
> United States trustee.

22.     For the reasons stated above, the Debtors seek to employ and retain the

Togut Firm as conflicts counsel postpetition pursuant to section 327(a) of the Bankruptcy Code.

As discussed herein, the Debtors believe that the immediate retention of the Togut Firm as

conflicts counsel is necessary to avoid immediate and irreparable harm to the Debtors, is in the

best interests of the Debtors' estates, and that the Togut Firm neither holds nor represents

interests adverse to the Debtors or their estates.

### **Memorandum of Law**

23.     This Application includes citations to the applicable authorities and a

discussion of their application to this Application.  Accordingly, the Debtors respectfully submit

that such citations and discussion satisfy the requirement that the Debtors submit a separate

memorandum of law in support of this Application pursuant to Local Rule 9013–1.

## **Notice**

24.     The Debtors have provided notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of New York;  (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d);  (c) counsel to the agent for the Debtors' proposed postpetition secured lenders;  (d) counsel to the agent for the Debtors' prepetition secured lenders;  (e) the trustee for the Debtors' 9.5% senior unsecured notes due 2012;  (f) counsel to the agent for the Debtors' prepetition receivables securitization facility;  (g) the Internal Revenue Service;  and (h) the Securities and Exchange Commission.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## **No Prior Request**

25.     No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request the entry of an Order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to employ and retain the Togut Firm as conflicts counsel to the Debtors effective as of the Petition Date, and (b) granting such other and further relief as the Court deems appropriate.

Date:    January 12, 2009
         New York, New York

                              Tronox Luxembourg S.ar.L;
Tronox Incorporated;
Cimarron Corporation;
Southwestern Refining Company, Inc.;
Transworld Drilling Company;
Triangle Refineries, Inc.;
Triple S, Inc.;
Triple S Environmental Management Corporation;
Triple S Minerals Resources Corporation;
Triple S Refining Corporation;
Tronox LLC;
Tronox Finance Corp.;
Tronox Holdings, Inc.;
Tronox Pigments (Savannah) Inc.;  and
Tronox Worldwide LLC

/s/ *Mary Mikkelson*
_____

Name:    Mary Mikkelson
Title:      Senior Vice President and
              Chief Financial Officer

## EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TRONOX INCORPORATED, et al.,[1] | ) | Case No. 09-10156 (SMB) |
|  | ) |  |
| Debtors. | ) | Joint Administration Requested |
|  | ) |  |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF TOGUT, SEGAL & SEGAL, LLP AS CONFLICTS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application") of the above–captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order pursuant to sections 327(a) and 328

of the Bankruptcy Code and Fed. R. Bankr. P. 2014, authorizing the employment and retention

of Togut, Segal & Segal, LLP (the "Togut Firm") as conflicts counsel to the Debtors;  and upon

the Declaration of Albert Togut in support of the Application;  and it appearing that the Togut

Firm neither holds nor represents an interest adverse to the Debtors' estates with respect to the

matters upon which they are to be engaged;  and it appearing that the Togut Firm is a

"disinterested person," as the term is defined in section 101(14) of the Bankruptcy Code;  and it

appearing that the relief requested is in the best interest of the Debtors' estates, their creditors,

and other parties in interest;  and it appearing that the Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334;  and it appearing that this proceeding is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2);  and it appearing that venue of this proceeding

and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409;  and

---

[1]    The Debtors in these cases include:  Tronox Luxembourg S.ar.L;  Tronox Incorporated;  Cimarron Corporation;  Southwestern Refining Company, Inc.;  Transworld Drilling Company;  Triangle Refineries, Inc.;  Triple S, Inc.;  Triple S Environmental Management Corporation;  Triple S Minerals Resources Corporation;  Triple S Refining Corporation;  Tronox LLC;  Tronox Finance Corp.;  Tronox Holdings, Inc.;  Tronox Pigments (Savannah) Inc.;  and Tronox Worldwide LLC.

notice of this Application and the opportunity for a hearing on this Application was appropriate

under the particular circumstances and that no other or further notice need be given; and after

due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED**

1.        The Application is granted, *nunc pro tunc* to the Petition Date.

2.        The Debtors are authorized pursuant to sections 327(a) and 328(a) of the

Bankruptcy Code to employ and retain the Togut Firm as their conflicts counsel in accordance

with the terms and conditions set forth in the Application on the matters for which Kirkland &

Ellis LLP ("K&E") or the Debtors' other professionals (together with K&E, "Counsel") cannot

handle because such matters involve their respective client[s] ("Counsel's Client") and could

present a conflict of interest, and other discrete duties as generally described in the Application

and the Togut Declaration.

3.        As soon as a bankruptcy-related matter concerning any Counsel's Client is

identified in the Debtors' cases, Counsel, in addition to any duty it has under applicable statute or

rule concerning conflict matters, shall have the duty to notify the Togut Firm of that fact so that

the Togut Firm may promptly advise the Debtors as it involves such Counsel's Client.

4.        If the Debtors are adverse to any Counsel's Client, the Togut Firm, and

not Counsel, shall represent the Debtors in such matter.

5.        The Togut Firm will file fee applications for interim and final allowance

of compensation and reimbursement of expenses pursuant to the procedures set forth in

sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be

applicable, from time to time, and such procedures as may be fixed by order of this Court.

6.        The Togut Firm shall be compensated in accordance with the standards

and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable

Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the

Southern District of New York (the "Local Rules"), guidelines promulgated by the Office of the

United States Trustee, and further orders of this Court.

       7.    The Debtors are authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order in accordance with the Application.

       8.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h),

7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective

and enforceable upon its entry.

       9.    All time periods set forth in this Order shall be calculated in accordance

with Bankruptcy Rule 9006(a).

       10.    The requirement set forth in Rule 9013–1(b) of the Local Rules that any

motion or other request for relief be accompanied by a memorandum of law is hereby deemed

satisfied by the contents of the Application or otherwise waived.

       11.    To the extent this Order is inconsistent with any prior order or pleading

with respect to the Application in these cases, the terms of this Order shall govern.

       12.    The Court retains jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

Dated:     January __, 2009
          New York, New York

                            _____
                            UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TRONOX INCORPORATED, et al.,[1] | ) | Case No. 09-10156 (SMB) |
|  | ) |  |
| Debtors. | ) | Joint Administration Requested |
|  | ) |  |

**DECLARATION OF ALBERT TOGUT IN SUPPORT
OF APPLICATION FOR ORDER UNDER 11 U.S.C. § 327(a)
AND RULE 2014(a) OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AUTHORIZING THE EMPLOYMENT AND RETENTION OF <u>TOGUT,
SEGAL & SEGAL LLP AS CONFLICTS COUNSEL FOR THE DEBTORS</u>**

Albert Togut, being duly sworn, states the following under penalty of perjury:

1.    I am the senior member of Togut, Segal & Segal LLP (the "Togut Firm")
located at One Penn Plaza, New York, New York 10119.  I am a member in good standing of the
Bar of the State of New York, and am admitted to practice in the Southern District of New York
and the Eastern District of New York.

2.    I am in all respects competent to make this Declaration in support of the
application (the "Application") to retain the Togut Firm as conflicts counsel for the above-
captioned debtors and debtors in possession (the "Debtors") pursuant to sections 327(a) and 328
of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Unless otherwise stated in this
Declaration, I have personal knowledge of the facts set forth herein.

---

[1]    The Debtors in these cases include:  Tronox Luxembourg S.ar.L;  Tronox Incorporated;  Cimarron Corporation;
Southwestern Refining Company, Inc.;  Transworld Drilling Company;  Triangle Refineries, Inc.;  Triple S,
Inc.;  Triple S Environmental Management Corporation;  Triple S Minerals Resources Corporation;  Triple S
Refining Corporation;  Tronox LLC;  Tronox Finance Corp.;  Tronox Holdings, Inc.;  Tronox Pigments
(Savannah) Inc.;  and Tronox Worldwide LLC.

## <u>DISINTERESTEDNESS</u>

3.    Based on the conflicts search conducted to date by the Togut Firm and described herein, to the best of my knowledge, neither the Togut Firm, nor any partner, including myself, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or any other parties in interest, or their respective attorneys and accountants, nor with the United States Trustee for the Southern District of New York (the "United States Trustee") or any person employed by the United States Trustee, except as disclosed herein.

4.    The Togut Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that the Togut Firm, its partners, counsel and associates, except as disclosed herein:

    (a)    are not creditors, equity security holders or insiders of the Debtors;

    (b)    are not and were not within two years before the date of the filing of the petition, a director, officer or employee of the debtor;  and

    (c)    do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

5.    I am not related, and to the best of my knowledge, no attorney at the Togut Firm is related, to any United States Bankruptcy Judge in the Southern District of New York or to the United States Trustee or any employee thereof.

6.    Pursuant to section 327(c) of the Bankruptcy Code, the Togut Firm is not disqualified from acting as the Debtors' counsel merely because it represents creditors, equity security holders, and/or other parties in interest in matters unrelated to these chapter 11 cases.

7.    The Togut Firm will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or

3

arise. If any new relevant facts or relationships are discovered or arise, the Togut Firm will use its reasonable efforts to identify any such further developments and will promptly file a supplemental affidavit as required by Bankruptcy Rule 2014(a).

8.      As of the Petition Date, the Togut Firm was not owed any amounts by the Debtors for legal services rendered prior to the Petition Date. No retainer has been paid to the Togut Firm.

9.      The Debtors are involved in asbestos litigation with thousands of parties, including an entity known as Quigley Company, Inc. ("Quigley"). Other than its management of legacy liabilities (principally asbestos-related), Quigley has not engaged in active business operations since 1992 and is currently a debtor in possession in a chapter 11 case pending before the Honorable Stuart M. Bernstein in the Bankruptcy Court for the Southern District of New York (case no. 04-15739). Pursuant to section 524(g) of the Bankruptcy Code, I was appointed by the Bankruptcy Court and currently serve as the legal representative for future holders of demands based on exposure to asbestos or asbestos-containing products allegedly manufactured by Quigley. Pfizer, Inc. ("Pfizer") is the parent of Quigley and is funding, in substantial part, Quigley's proposed plan of reorganization. Pfizer also is involved in asbestos-related litigation with the Debtors. Neither I nor the Togut Firm represent either Quigley or Pfizer in any capacity. Each of Quigley and Pfizer are represented by separate, independent legal counsel.

### THE TOGUT FIRM'S CONNECTIONS WITH PARTIES IN INTEREST IN MATTERS UNRELATED TO THESE CHAPTER 11 CASES

10.      The Togut Firm and certain of its partners, counsel, and associates may have in the past represented, and may likely in the future represent, parties-in-interest of the Debtors in connection with matters unrelated to the Debtors and these chapter 11 cases. The

Togut Firm has reviewed the list of interested parties furnished by the Debtors, which list included:  (i) current and recent former entities affiliated with the Debtors;  (ii) current and recent former directors and officers;  (iii) banks;  (iv) Indenture Trustee and known bondholders; (v) lienholders;  (vi) DIP Lender;  (vii) professionals;  (viii) 5% shareholders and significant equity investors;  (ix) taxing authorities;  (x) top unsecured creditors;  (xi) United States Trustee for the Southern District of New York (and key staff members):  (xii) unions;  (xiii) top vendors; (xiv) secured lenders;  (xv) sureties, insurers and obligees;  (xvi) lease counterparties; (xvii) significant customers;  (xviii) contract counterparties;  (xix) environmental parties; (xx) potential responsible parties;  (xxi) litigation-opposing counsel;  (xxii) litigation parties-companies;  (xxiii) litigation parties-individuals, and it has found none.  In the event any new facts or relationships are subsequently discovered during the pendency of these chapter 11 cases, the Togut Firm will supplement this Declaration and file the same with the Court.

## **SERVICES TO BE RENDERED**

11.    The Debtors seek court approval, pursuant to sections 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(d), to employ and retain the Togut Firm as their conflicts counsel in connection with these chapter 11 cases to perform services on matters which Kirkland & Ellis LLP ("K&E") cannot handle involving the clients detailed in the Declaration of Jonathan S. Henes (as same may be supplemented from time to time), a member of K&E, in support of K&E's retention order and to perform such other discrete duties as are assigned by K&E as generally described in the Application and this Declaration.  This will minimize litigation and reduce the overall expenses of administering these cases.  Pursuant to section 327(a) of the Bankruptcy Code, the Debtors, as debtors in possession, request that the Court approve the retention of the Togut Firm, under a general retainer, as their attorneys, to perform

5

services that will be necessary during these chapter 11 cases in accordance with the Togut Firm's normal hourly rates and policies in effect when the Togut Firm renders the services or incurs the expenses.

12.     Thus, the Togut Firm will render professional services on the bankruptcy-related matters for which K&E or the Debtors' other professionals (together with K&E, "Counsel") cannot handle because such matters involve their respective clients and could present a potential conflict of interest.

## PROFESSIONAL COMPENSATION

13.     Subject to annual adjustment in January, in accordance with the firm's billing practices, the rates to be charged by the Togut Firm for services to be rendered to the Debtors shall be the same rates charged to other clients, which are currently in the range of $760 to $890 for partners, $295 to $680 for associates and counsel to the Togut Firm and $135 to $265 for paralegals and law clerks.  The Togut Firm intends to apply for compensation for professional services rendered in connection with these chapter 11 cases, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), further Orders of this Court, and guidelines established by the United States Trustee, on an hourly basis, plus reimbursement of actual and necessary expenses and other charges that the Togut Firm incurs.  The Togut Firm will charge the Debtors hourly rates consistent with the rates it charges in other matters of this type.

14.     It is the Togut Firm's policy to charge its clients for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recordation fees, long

distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals" and telecopier charges.  The Togut Firm will charge the Debtors for these expenses in a manner and at rates consistent with those it generally charges its other clients and in accordance with the Local Rules and United States Trustee guidelines.  The Togut firm believes that it is fairer to charge these expenses to the particular client on whose behalf they are incurred rather than to increase its hourly rates and spread these expenses among all of its clients.

15.    No promises have been received by the Togut Firm nor by any partner, counsel or associate thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code. The Togut Firm has no agreement with any other entity to share with such entity any compensation received by the Togut Firm in connection with these chapter 11 cases.

16.    The Togut Firm further states pursuant to Bankruptcy Rule 2016(b) that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of the Togut Firm or (b) any compensation another person or party has received or may receive.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

/s/ Albert Togut
ALBERT TOGUT