KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Richard M. Cieri
Jonathan S. Henes
Colin M. Adams

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| TRONOX INCORPORATED, <u>et al.</u>,[1] | ) ) | Case No. 09-10156 (ALG) |
| Debtors. | ) ) ) | Jointly Administered |
| TRONOX LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. Pro. No. _____ |
| UNITED STATES OF AMERICA, NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, AND THE ADMINISTRATOR OF THE NEW JERSEY SPILL COMPENSATION FUND, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## **ADVERSARY COMPLAINT**

---

[1] The Debtors in these cases include: Tronox Luxembourg S.ar.L; Tronox Incorporated; Cimarron Corporation; Southwestern Refining Company, Inc.; Transworld Drilling Company; Triangle Refineries, Inc.; Triple S, Inc.; Triple S Environmental Management Corporation; Triple S Minerals Resources Corporation; Triple S Refining Corporation; Tronox LLC; Tronox Finance Corp.; Tronox Holdings, Inc.; Tronox Pigments (Savannah) Inc.; and Tronox Worldwide LLC.

Plaintiff Tronox LLC, for its Complaint against Defendants United States of America, the New Jersey Department of Environmental Protection, the Commissioner of the New Jersey Department of Environmental Protection, and the Administrator of the New Jersey Spill Compensation Fund, alleges as follows:

### The Parties

1. Tronox Incorporated, together with Plaintiff Tronox LLC and its other Debtor affiliates (collectively, "Tronox"), filed a petition under title 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), with this Court on January 12, 2009 (the "Petition Date").

2. Tronox Incorporated is a Delaware corporation with its principal place of business in Oklahoma City, Oklahoma. Tronox Incorporated has operations and facilities in the United States, the Asia Pacific Region, and Europe.

3. Tronox LLC, a Delaware limited liability company, is a wholly owned subsidiary of Tronox Incorporated.

4. Defendant United States of America, acting on behalf of the Environmental Protection Agency ("EPA"), is the plaintiff in a civil action against Tronox LLC in the United States District Court for the District of New Jersey that is captioned *United States v. Tronox LLC*, Case No. 3:08-cv-04368 (the "EPA Action"). The EPA Action seeks to recover costs allegedly incurred or to be incurred by the United States in response to releases or threatened releases of hazardous substances at or from the Federal Creosoting Superfund Site, located in the Borough of Manville, Somerset County, New Jersey (the "Site"), pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607(a) ("CERCLA").

5. Defendants New Jersey Department of Environmental Protection ("NJDEP"), the Commissioner of the New Jersey Department of Environmental Protection (the "Trustee"), and the Administrator of the New Jersey Spill Compensation Fund (the "Administrator") (together, the "New Jersey Plaintiffs") are plaintiffs in a civil action against Tronox LLC in the United States District Court for the District of New Jersey that is captioned *New Jersey Department of Environmental Protection v. Tronox LLC,* Case No. 08-cv-05160 (the "New Jersey Action"). Plaintiffs NJDEP and Administrator seek to recover the costs they allegedly have incurred, and will incur, for the release, and threatened release, of hazardous substances at the Site, pursuant to sections 107(a) and 113(g) of CERCLA. Also, pursuant to CERCLA, Plaintiff Trustee seeks to recover alleged damages that it has incurred, and will incur, for the injury to, destruction of, or loss of any natural resource under her trusteeship resulting from the release or threatened release of hazardous substances at the Site. Pursuant to New Jersey's Spill Compensation and Control Act (the "Spill Act"), N.J.S.A. 58:10-23.11 to 23.24, and New Jersey common law, the New Jersey Plaintiffs also seek reimbursement of the alleged costs and damages they have incurred and will incur as a result of the discharge of hazardous substances at the Site, as well as an order compelling Tronox LLC to perform, or to fund plaintiff NJDEP's performance of, any further assessment of any natural resource that has been injured as a result of the discharge of hazardous substances at the Site, and to compensate the citizens of New Jersey for the lost value of any injured natural resource.

## Jurisdiction and Venue

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b).

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3

8.  Declaratory relief is appropriate pursuant to Federal Rule of Bankruptcy Procedure 7001 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## Background

### I. The EPA Action

9.  On August 29, 2008, the United States of America, acting at the request of the EPA, filed the EPA Action for recovery of response costs against Tronox LLC, pursuant to section 107(a)(2) of CERCLA.

10. The United States alleges that a creosote plant was operated on the Site from approximately 1910 to the mid-1950s. (Complaint ¶¶ 7, 11, Case No. 3:08-cv-04368 (D. N.J.), Dkt. No. 1 ("EPA Compl."), attached as Exhibit A) According to the United States, "[w]ood treatment activities at the … Site resulted in the production of creosote-contaminated sludges, sediments, process residuals, preservative drippings, and spent process liquid." (*Id.* ¶ 10)

11. The United States alleges that Federal Creosoting Company, a Delaware corporation, owned the plant and the real property at the Site when the plant ceased operations in approximately 1955. (*Id.* ¶ 11) The United States also alleges that the Federal Creosoting Company was the "owner" and/or "operator" of the Site at the time of disposal of hazardous substances, under section 107(a)(2) of CERCLA. (*Id.* ¶ 49)

12. The United States contends that Tronox LLC -- as an alleged successor-in-interest to Federal Creosoting Company through many intervening corporate transactions during the past 50 years -- is "liable for all costs of removal and remedial action (i.e., response costs) incurred and to be incurred …, as an 'owner or operator' of the Site at the time of disposal of hazardous substances, under section 107(a)(2) of CERCLA." (*Id.* ¶ 50)

13. The Unites States alleges that all of the real property at the Site was acquired by Stanley and Florence Rustic in 1957. (*Id.* ¶ 15) According to the United States, Stanley Rustic

4

subsequently sold 35 acres of the real property to a residential developer, who in turn sold the property to individual homeowners. (*Id.* ¶¶ 16-17)  The United States alleges that the remaining 15 acres of real property at the Site were developed into a commercial mall and purchased by the Rustic Mall Shopping Center. (*Id.* ¶¶ 18-19)

14.   The United States does not allege that Tronox LLC or any of its purported predecessors are continuing to create releases or threatened releases of hazardous substances at the Site.

15.   The United States further alleges that, commencing in 1997, the EPA conducted various investigations at the Site to determine the extent of creosote contamination. (*Id.* ¶¶ 31-36)  According to the United States, the EPA determined that various areas of the Site were contaminated with creosote and issued three Records of Decision in 1999-2002 that, among other things, called for the excavation of large amounts of contaminated soil. (*Id.* ¶¶ 38-45)

16.   On March 7, 2008, the EPA issued a press release announcing that it had *completed cleanup at the Site* and that "*the risks stemming from creosote in the soil have been eliminated.*" (EPA Press Release, attached as Exhibit B (emphasis added))

17.   The United States alleges that, as of June 15, 2008, it "has incurred at least $280 million in unreimbursed 'response costs,' within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), excluding interest, related to the release or threatened release of hazardous substances at the Site, and the United States has and will continue to incur such costs." (*Id.* ¶ 51)

18.   The United States' only claim for relief in the EPA Action is the recovery of response costs that the EPA has incurred and will incur with respect to the Site. (*Id.* ¶¶ 53-56)

19.   Accordingly, the relief requested by the United States in the EPA Action is limited to (a) a judgment for unrecovered costs incurred by the United States with respect to the

Site, (b) a declaratory judgment against Tronox LLC "on liability for response costs or damages that will be binding on any action or subsequent actions to recover further response costs, plus interest thereon," and (c) the United States' costs in bringing the EPA Action. (*Id*. at 9-10)

## II.     The New Jersey Action

20.     On October 21, 2008, the New Jersey Plaintiffs brought the New Jersey Action against Tronox LLC, among others, pursuant to Sections 107(a) and 113(g) of CERCLA, New Jersey's Spill Act, and the common law. (Complaint ¶¶ 1-2, Case No. 08-cv-05160 (D. N.J.), Dkt. No. 1 ("N.J. Compl."), attached as Exhibit C)

21.     The New Jersey Plaintiffs allege that Tronox LLC's purported predecessor, the Federal Creosoting Company, an Indiana corporation ("Federal Creosoting-Indiana"), purchased 53 acres of real property in the Borough of Manville, Somerset County, New Jersey (the "Property") in 1909. (*Id*. ¶¶ 27, 30) They further allege that Federal Creosoting-Indiana began operating a creosote wood-treatment plant at the Property in 1910. (*Id*. ¶ 31)

22.     The New Jersey Plaintiffs allege that, in 1927, Federal Creosoting-Indiana transferred title to the Property, the creosote plant, and its appurtenances to Federal Creosoting Company, Inc. ("Federal Creosoting Company"), a wholly owned subsidiary of American Creosoting Company, which operated the creosote plant until March 1956. (*Id*. ¶ 32) They also assert that Tronox LLC is the successor-in-interest to Federal Creosoting Company. (*Id*. ¶¶ 9-24)

23.     The New Jersey Plaintiffs allege that Federal Creosoting Company transferred title to the Property to American Creosoting Company on or about March 8, 1956. (*Id*. ¶ 33) According to the New Jersey Plaintiffs, American Creosoting Company held title to the Property until conveying it to American Creosoting Corporation on or about July 31, 1956. (*Id*.)

24. The New Jersey Plaintiffs allege that the American Creosoting Corporation held title to the Property for approximately six months before selling it to Stanley Rustic on or about February 1, 1957. (*Id.* ¶ 34) They further allege that Stanley Rustic conveyed a portion of the Property to a developer on or about April 23, 1962, which in turn sold its portion of the Property to individual lot owners. (*Id.* ¶¶ 35-36) According to their complaint, Stanley Rustic sold the remainder of the Property to Rustic Mall, Inc. on or about December 4, 1965, which built a retail shopping center on the Property. (*Id.* ¶ 37)

25. The New Jersey Plaintiffs allege that "[t]he business activities of defendant Tronox LLC's predecessors, including Federal Creosoting Company, while at the [Property], involved the generation, storage and handling of hazardous substances, certain of which were discharged there, which substances included creosote." (*Id.* ¶ 43) They further allege that hazardous substances were disposed of at the Property from 1910 through 1956, and that Federal Creosoting Company was the owner and/or operator of the Property at the time of the disposal of the hazardous substances. (*Id.* ¶¶ 45-46)

26. The New Jersey Plaintiffs allege that the EPA, in consultation with the NJDEP, conducted various remedial investigations at the Site from 1997 to 2001 to determine the "nature and extent of the contamination at the Site" and evaluate "various remediation alternatives." (*Id.* ¶ 49) According to the New Jersey Complaint, the EPA divided the remediation of the Site into three "operable units," each of which was documented and explained in a "Record of Decision." According to the New Jersey Complaint, all remediation of the Site has been completed. (*Id.* ¶¶ 51-55)

27. The New Jersey Plaintiffs allege that they "have participated in, or have otherwise funded, in part, the remediation of the Site using public funds." (*Id.* ¶ 56)

7

28. The New Jersey Plaintiffs do not allege that Tronox LLC or any of its purported predecessors are continuing to create releases or threatened releases of hazardous substances at the Site.

29. The New Jersey Plaintiffs' First Count seeks relief under CERCLA. (*Id.* ¶¶ 58-65) Under CERCLA, the NJDEP and the Administrator seek incurred response costs and a declaratory judgment for future response costs for the Site. The Trustee seeks reimbursement for all damages, including lost value and reasonable assessment costs, incurred for the Site, as well as a declaratory judgment for such damages in the future. The New Jersey Plaintiffs also seek the payment of their costs and fees in the New Jersey Action. (*Id.* at 16)

30. The New Jersey Plaintiffs' final three counts are for violation of the Spill Act, Public Nuisance, and Trespass. They seek the same relief for each of these three counts. (*Id.* at 19-25)

31. *First*, the New Jersey Plaintiffs request that the court "[o]rder the Defendants to reimburse the Plaintiffs … for all cleanup and removal costs and damages, including lost value and reasonable assessment costs, that the Plaintiffs have incurred for any natural resource of this State injured as a result of the discharge of hazardous substances at the [Property], with applicable interest." (*Id.* at 19-20, 22, 23-24)

32. *Second*, the New Jersey Plaintiffs request that the court "[e]nter declaratory judgment against the Defendants … for all cleanup and removal costs and damages, including lost value and reasonable assessment costs, that the Plaintiffs will incur for any natural resource of [New Jersey] injured as a result of the discharge of hazardous substances at the [Property.]" (*Id.* at 20, 22, 24)

8

33.     *Third*, the New Jersey Plaintiffs request that the court "[e]nter judgment against the Defendants … compelling the Defendants to perform, under plaintiff DEP's oversight, or to fund plaintiff DEP's performance of, any further assessment and restoration of any natural resource that has been, or may be, injured as a result of the discharge of hazardous substances at the [Property] … and compelling the Defendants to compensate the citizens of New Jersey for the lost value of any injured natural resource." (*Id*. at 20, 22-23, 24)

34.     *Fourth*, the New Jersey Plaintiffs request that the court award them their costs and fees in the New Jersey Action. (*Id*. at 20, 23-24)

35.     Tronox LLC denies the material allegations of liability in the EPA and New Jersey Actions. In particular, Tronox LLC denies that there is any legal or factual basis that it (or any other Tronox entity) assumed liability for releases or threatened releases of hazardous substances that occurred at a site it has never owned or operated.

36.     On December 10, 2008, Tronox LLC filed motions to dismiss the EPA and New Jersey Actions. In support of its motions, Tronox LLC contends that the EPA and New Jersey Actions should be dismissed under Rule 12(b) of the Federal Rules of Civil Procedure because EPA and the New Jersey Plaintiffs failed to allege sufficient facts which, even if true, would provide a basis to hold Tronox LLC liable for any of the costs or other relief sought in the actions, and because their conclusory allegations fail to establish federal jurisdiction.

### Count One
### (Declaratory Judgment)

37.     Plaintiff hereby realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 36 as if fully restated herein.

38.     As of the Petition Date, neither Tronox LLC nor any affiliated entity owned any property or conducted any business activities at the Site.

9

39. The causes of action asserted against Tronox LLC in both the EPA and the New Jersey Actions arise exclusively from the alleged prepetition conduct of Tronox LLC's purported predecessor(s). There were no releases or threatened releases of hazardous substances from the Site that occurred on or after the Petition Date.

40. The claims asserted against Tronox LLC in both the EPA and the New Jersey Actions, and any resulting judgments, are "claims" within the meaning of section 101(5) of the Bankruptcy Code that arose prior to the Petition Date. Accordingly, they will be treated and discharged under section 1141(d) of the Bankruptcy Code in accordance with the terms of any plan of reorganization proposed by Tronox that is confirmed by this Court.

41. Declaratory relief is appropriate in this case pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. An actual controversy, within the meaning of 28 U.S.C. § 2201, exists with respect to the Bankruptcy Code's treatment of the claims in the EPA and New Jersey Actions.

42. In the EPA Action, the United States seeks (a) a judgment against Tronox LLC for $280 million in response costs allegedly incurred by the EPA at the Site and (b) a declaratory judgment for unincurred response costs at the Site. Similarly, the New Jersey Action seeks judgments for reimbursement of an unspecified amount of response costs and damages.

43. It is unlikely that Tronox LLC's general unsecured creditors will receive full recoveries on account of their claims in Tronox LLC's chapter 11 case.

44. Defending the EPA and New Jersey Actions will be extraordinarily costly and time consuming for Tronox LLC at a time when the administration of its chapter 11 case and its reorganization efforts require all of the estate's resources.

45. This Court's determination that the claims asserted in the EPA and New Jersey Actions and any resulting money judgments constitute general, unsecured, and dischargeable prepetition claims, for which the United States and New Jersey Plaintiffs may receive only limited recoveries, will likely facilitate a consensual resolution of the EPA and New Jersey Actions, thus enabling the estate to avoid needless, protracted, and expensive litigation. Additionally, such a determination will assist Tronox in developing a plan of reorganization because it will address the priority and dischargeability of what are likely among the largest claims in Tronox's chapter 11 cases.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Tronox LLC prays the Court to enter an order and judgment declaring that:

(1) With respect to the EPA Action, the EPA's claims under CERCLA for incurred and unincurred response costs, as well as any future judgment(s) on such claims, are general unsecured claims under the Bankruptcy Code that are dischargeable upon confirmation of a chapter 11 plan pursuant to section 1141(d) of the Bankruptcy Code;

(2) With respect to the New Jersey Action, the New Jersey Plaintiffs' claims under CERCLA seeking:

(a) reimbursement for all response costs plaintiffs NJDEP and Administrator have incurred for the Site,

(b) reimbursement to plaintiff Trustee for all damages, including lost value and reasonable assessment costs, plaintiff Trustee has incurred for the Site,

(c) a declaratory judgment against Tronox LLC for all response costs plaintiffs NJDEP and Administrator will incur for the Site, and

(d) a declaratory judgment against Tronox LLC, for all damages, including lost value and reasonable assessment costs, plaintiff Trustee will incur for the Site,

as well as any future judgment(s) on such claims, are general unsecured claims under the Bankruptcy Code that are dischargeable upon confirmation of a chapter 11 plan pursuant to section 1141(d) of the Bankruptcy Code;

(3) With respect to the New Jersey Action, the New Jersey Plaintiffs' claims under the Spill Act and common law seeking:

(a) reimbursement from Tronox LLC for all cleanup and removal costs and damages, including lost value and reasonable assessment costs, that the Plaintiffs have incurred for any natural resource of New Jersey injured as a result of the discharge of hazardous substances at the Property,

(b) a declaratory judgment against Tronox LLC for all cleanup and removal costs and damages, including lost value and reasonable assessment costs, that the Plaintiffs will incur for any natural resource of New Jersey injured as a result of the discharge of hazardous substances at the Property, and

(c) a judgment against Tronox LLC, compelling it to perform, under plaintiff NJDEP's oversight, or fund plaintiff NJDEP's performance of, any further assessment and restoration of any natural resource that has been, or may be, injured as a result of the discharge of hazardous substances at the Property and compelling it to compensate the citizens of New Jersey for the lost value of any injured natural resource,

as well as any future judgment(s) on such claims, are general unsecured claims under the Bankruptcy Code that are dischargeable upon confirmation of a chapter 11 plan pursuant to section 1141(d) of the Bankruptcy Code; and

(4) Such other and further relief as deemed appropriate by the Court.

| | |
|---|---|
| Dated: February 9, 2009<br>New York, New York | /s/ Jonathan S. Henes<br>Richard M. Cieri<br>Jonathan S. Henes<br>Colin M. Adams<br>KIRKLAND & ELLIS LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York  10022-4611<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br><br>Attorneys for Debtors and Debtors in Possession |