**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| TRONOX INCORPORATED, et al., [1] | ) Case No. 09-10156 (ALG) |
| | ) |
| Debtors. | ) Jointly Administered |
| _____ | ) |

**GLOBAL NOTES PERTAINING TO ALL DEBTORS' SCHEDULES OF ASSETS**
**AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

On January 12, 2009 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed petitions with the Court under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors continue to operate and manage their business, as debtors-in-possession, pursuant to 11 U.S.C. §§ 1107 and 1108.

The Schedules of Assets and Liabilities (the "Schedules") and the Statements of Financial Affairs (the "Statements," and collectively with the Schedules, the "Schedules and Statements") of the Debtors have been prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 1007 by management of the Debtors with the assistance of its advisors and are unaudited and may not comply with generally accepted accounting principles. While the Debtors' management have made every reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information that was available to them at the time of preparation, the subsequent receipt or discovery of information and/or further review and analysis of the Debtors' books and records may result in material changes to financial data and other information contained herein. The Debtors reserve their rights to amend these Schedules and Statements from time to time as may be necessary or appropriate. These global notes (the "Global Notes") [2] regarding the Debtors' Schedules and Statements are incorporated by reference in and comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of the Schedules and Statements.

---

[1] The Debtors in these cases include: Tronox Luxembourg S.ar.L; Tronox Incorporated; Cimarron Corporation; Southwestern Refining Company, Inc.; Transworld Drilling Company; Triangle Refineries, Inc.; Triple S, Inc.; Triple S Environmental Management Corporation; Triple S Minerals Resources Corporation; Triple S Refining Corporation; Tronox LLC; Tronox Finance Corp.; Tronox Holdings, Inc.; Tronox Pigments (Savannah) Inc.; and Tronox Worldwide LLC

[2] These notes are in addition to the specific notes contained in each Debtors' Schedules or Statements. The fact that the Debtors has prepared a Global Note with respect to a particular Schedule (or Statement) and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any or all of the Debtors' remaining Schedules (or Statements), as appropriate.

1. **Description of the Cases and "as of" Information Date.** On January 12, 2009, the Debtors filed voluntary petitions with the Bankruptcy Court under Chapter 11 of the Bankruptcy Code. The Debtors' cases have been procedurally consolidated for the purpose of joint administration under case number 09-10156 (ALG). Unless otherwise stated, asset and liability information is as of the Petition Date. Additionally, the Debtors have made every effort to allocate liabilities between the pre-petition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available to, and further research is conducted by, the Debtors, the Debtors' allocation of assets and liabilities between pre-petition and post-petition periods may change.

2. **Basis of Presentation.** The Schedules and Statements reflect the assets and liabilities of the Debtors as assigned to each Debtor on the basis of the Debtors' non-audited books and tax records. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities and contingent liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent at the Petition Date or at any time prior to the Petition Date. Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

3. **Consolidated Entity Accounts Payable and Disbursement Systems.** Separate accounts payable systems are maintained by Tronox LLC, Tronox Pigments (Savannah), Inc., and Tronox Worldwide, LLC, through which payments for all Debtors are made. The Debtors operate their businesses as a consolidated entity and, as such, although efforts have been made to attribute open payable amounts and/or payments to the correct legal entity, the Debtors reserve their right to modify or amend their schedules to attribute such payable to a different legal entity. Payments made are listed by the entity making such payment notwithstanding that certain payments will have been made on behalf of another entity.

4. **Estimates.** To close the books and records of the Debtors as of the Petition Date, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of their assets, liabilities, revenue and expenses.

5. **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements such as goodwill, de minimis deposits, and certain accrued liabilities including, without limitation, accrued salaries and employee benefits and tax accruals. Other immaterial assets and liabilities may also have been excluded. Furthermore, the Debtors have received authority from the Bankruptcy Court to honor and/or pay certain prepetition claims including, but not limited to, the authority to pay

outstanding prepetition wages to employees and outstanding customer claims. Certain obligations that have been satisfied pursuant to orders entered by the Bankruptcy Court are de minimis individually and significant in number and, as such, are excluded from the Statements and Schedules.

In certain instances, pre-petition checks were not honored due to the commencement of the Chapter 11 Cases and have been re-issued post-petition as authorized by the Bankruptcy Court. These amounts have been excluded from Schedules E and F.

Certain deferred debt issuance costs that hold no value have been excluded from Schedule B of Tronox Worldwide, LLC.  Additionally, certain deferred charges, accounts or reserves recorded for GAAP reporting purposes only and assets with a net book value of zero are not included in the Debtors' Schedules.

6. **Redaction.**  Certain confidential information related to the Debtors' customers has been redacted from the Statements and Schedules.  Public disclosure of this information could give negatively impact the Debtors' estates.  The Debtors have made unredacted copies of the Statements and Schedules available to the Bankruptcy Court, the U.S. Trustee, and the professionals for the Official Committee of Unsecured Creditors.

7. **Insiders.**  The Debtors have included all payments made during the one-year period preceding the Petition Date to any individual deemed an "insider." Solely for the purpose of preparing these Schedules and Statements, the Debtors have defined "insider" as (a) directors, (b) officers, (c) shareholders holding 5% or more overall voting interest, and (e) Debtor and non-Debtor affiliates. Payments to insiders are set forth on Statement 3c.

8. **Litigation.**  The Debtors, despite reasonable best efforts, may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action they may have, and neither these Global Notes nor the Schedules and Statements (or anything contained therein) shall be deemed a waiver of any such causes of action.

Additionally, as discussed below, due to the complex nature of the Debtors' litigation matters, such matters are listed in the Schedules and Statements of Tronox, Incorporated only, notwithstanding the fact that such litigation may have been commenced an/or threatened against one or more of the other Debtors.

9. **Environmental Information.**  The Debtors have listed environmental information in SOFA 17 and potential environmental liabilities in Schedule F, based on the information available to the Debtors at the time at the time the Schedules and Statements were prepared.  To the extent further investigation

reveals additional environmental information or potential environmental liabilities or contingent environmental liabilities, the Debtors reserve their right to amend their schedules as necessary and appropriate.

10. **Liens and Encumbrances on Assets.** In the ordinary course of the Debtors' businesses, tax liens and other encumbrances (e.g. judgment liens) are occasionally filed against property owned by the Debtors. It is the Debtors' practice to timely resolve all liens by either satisfying the lien claim or formally contesting the validity of such liens. As of the Petition Date, except as reflected on Schedule D (secured claims) and in SOFA 4b, the Debtors are not aware of any material liens or encumbrances filed against assets directly owned by the Debtors.

11. **Claims Description**.  Schedules D, E, and F permit the Debtors to designate a claim on the Schedules as contingent, unliquidated, or disputed.  A failure to designate a claim on any of the Schedules as contingent, unliquidated, and/or disputed  does not constitute an admission by the Debtors that such amount is not contingent, unliquidated, or disputed.  The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on its Schedules as to amount, liability or classification or to otherwise subsequently designate any claim as contingent, unliquidated, or disputed.  Listing a claim does not constitute an admission of liability by the Debtors.  The Debtors reserve the right to amend these Schedules accordingly.

12. **Liabilities Generally.** Some of the Debtors' scheduled liabilities are unknown and/or unliquidated at this time. In such cases, the amounts are listed as "Unknown" or "Undetermined." As a result, the Debtors' Schedules, and particularly the subtotals and totals listed in the Schedules and the Summary of Schedules, do not accurately reflect the aggregate amount of the Debtors' liabilities, which may differ materially from those stated in the Schedules and also include contingent liabilities not included herein.  In addition, the Debtors sought to allocate liabilities between pre-petition and post-petition periods based on information from research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change.

13. **Schedule A.**  The Debtors have reported their real property interest as reflected in their real estate books and records.  The Debtors' real estate books and records may differ from the Debtors' accounting books and records with respect to real property ownership and value as a result of, among other things, variances in the recording of land sales and acquisitions and recording practices used by former entities.  Real property values reflect the net book value as reflected in the Debtors' real estate books and records.

14. **Schedule B.** Certain Debtors that do not list any interests in insurance policies in Schedule B.9 may hold an interest in policies of an affiliate

15. **Schedule D.** Except as otherwise agreed pursuant to a stipulation or agreed order or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, except as otherwise agreed pursuant to a stipulation or agreed order or order entered by the Bankruptcy Court, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim. Furthermore, secured claim amounts have been listed on Schedule D without regard to the value of assets secured thereby. No attempt was made by the Debtors to estimate the fair market value of the assets pledged pursuant to a secured obligation. Accordingly, deficiency claims of secured creditors were not listed on Schedule F and such omission is not an admission by the Debtors as to the sufficiency of collateral related to any secured claim listed on Schedule D. In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of the other Debtor, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. Except as specifically stated in the Schedules, utility companies, lessors and other parties that may hold security deposits have not been listed on Schedule D. The Debtors have not included on Schedule D entities that may believe their claims are secured through setoff rights, deposit posted by or on behalf of the Debtors, or inchoate statutory lien rights. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

16. **Schedule E**. The Debtor reserves the right to assert that any claim listed on Schedule E does not constitute an unsecured priority claim under section 507 of the Bankruptcy Code and thus constitutes an unsecured nonpriority claims.

17. **Schedule F**. The Debtors have attempted to relate all liabilities to each particular Debtor. As a result of the consolidated payment and disbursement system discussed herein, however, in certain cases, it would be time-consuming and an inefficient use of the assets of the Debtors' estates to analyze the Debtors' consolidated systems to assign a given liability to a particular Debtor. To the extent the same claim is listed on the Schedules of more than one Debtor, the Debtors have done so out of an abundance of caution and do not admit or

acknowledge that any creditor is entitled to more than one recovery on any claim.

The amounts represented in Schedule F include all known open AP liabilities and do not take in to consideration deducting amounts which may in the future be determined to qualify for 503(b)(9) status. Such re-prioritization of some or all of a claimant's indebtedness may result in the Debtors filing amended schedules or taking other steps to reduce the amount of the unsecured portion of their claims. Additionally, the amounts represented in Schedule F may take into consideration any postpetition payments made by the Debtors pursuant to orders entered by the Bankruptcy Court. As a result, certain liabilities may be less than stated in Schedule F.

Certain creditors owe amounts to the Debtors and, as such, may have valid setoff and recoupment rights with respect to such amounts. The Debtors have not reviewed the validity of any such setoff rights and hereby reserve all rights to challenge such setoff and recoupment rights. Nevertheless, in scheduling the claims of such creditors, the Debtors may have factored in the amounts owed by such creditors to the Debtors and have reduced the scheduled claims accordingly. In other cases, the Debtors have not reduced the scheduled claims to reflect any such right of setoff or recoupment, although where practicable the Debtors have indicated that the scheduled claims are contingent in recognition of a potential setoff or recoupment. The scheduling of any claim or amount owed at a net value is not a waiver of any right to challenge the creditor's right to setoff, recoup or net amounts owed against amounts that may be owed to any Debtor.

Schedule F contains information regarding litigation involving the Debtors. In many instances, it is unclear or undetermined which debtor is the subject of the litigation. Therefore, out of an abundance of caution, such litigation information is listed in the Schedules for Tronox, Inc. The amounts for these potential claims are listed as undetermined and marked as contingent, unliquidated and disputed.

18. **Schedule G.** While reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusion may have occurred. Listing a contract, agreement or lease on Schedule G does not constitute an admission that such contract, agreement or lease is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts, agreements and leases listed on Schedule G are hereby reserved and preserved. Additionally, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements. Such documents may not be set forth in Schedule G. The Debtors reserve all of their rights to dispute or

challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.

Contracts are listed with respect to the Debtor entities that are parties to the contracts per review of the contracts where possible.  There may be instances where other Debtor entities that are not parties to the contracts have been the primary entities conducting business in connection with these contracts. Moreover, in some cases it may have been impractical or impossible to determine which Debtor assumed the obligations of a contract entered into by a former legal entity.  In such cases, the relevant contract information is listed in the Schedules for Tronox, Incorporated.

Omission of a contract, agreement or lease from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

19. **Schedule H.**  In the ordinary course of business, the Debtors are involved in pending and/or threatened litigation and claims arising out of the conduct of their businesses. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties. Because of the volume of such claims and because they are all contingent, unliquidated and disputed, they have not been set forth individually on Schedule H.  In addition, the Debtors are party to settlement agreements with potentially responsible parties and/or are bound by consent decrees along with such parties for, among other things, costs associated with environmental remediation. These agreements and decrees provide for contribution and/or cost recovery between the parties. Due to the voluminous number of such agreements and decrees, as well as the parties affected thereby, the Debtors have not specifically listed any potentially responsible parties on Schedule H.

20. **SOFA 3c.**  SOFA 3c includes certain stock, option, and non-equity incentive plan awards that were transferred within one year immediately preceding the Petition Date but did not vest prior to the Petition Date.

21. **Debtors' Reasonable Best Efforts.**  The Debtors have used their reasonable best efforts in preparing the Schedules and Statements.  However, the Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors and omissions may exist.

22. **<u>Reservation.</u>**    Nothing contained in the Schedules and Statements shall constitute a waiver of rights or admission with respect to the Debtors' Chapter 11 cases including, but not limited to any issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

B7 (Official Form 7) (12/07)

# UNITED STATES BANKRUPTCY COURT

<u>Southern</u> _____    **DISTRICT OF** <u>New York</u> _____

In re: <u>Cimarron Corporation</u> _____,    Case No. <u>09-10157 (ALG)</u> _____
Debtor                                             (if known)

STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

1.    **Income from employment or operation of business**

None

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

2

In re:   Cimarron Corporation                          Case No.     09-10157 (ALG)

---

AMOUNT                                          SOURCE

_____

**2.    Income other than from employment or operation of business**

None

☒        State the amount of income received by the debtor other than from employment, trade, profession, operation of the
         debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a
         joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13
         must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint
         petition is not filed.)

AMOUNT                                          SOURCE

_____

**3.    Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None

☐        a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of
         goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of
         this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.
         Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or
         as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling
         agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses
         whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

Not Applicable

_____

None

☒        b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made
         within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that
         constitutes or is affected by such transfer is less than $5,475. (Married debtors filing under chapter 12 or chapter 13
         must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the
         spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

_____

None

☒        c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or
         for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must
         include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated
         and a joint petition is not filed.)

3

In re:   Cimarron Corporation                                    Case No.    09-10157 (ALG)

---

NAME AND ADDRESS OF CREDITOR        DATE OF              AMOUNT          AMOUNT
AND RELATIONSHIP TO DEBTOR          PAYMENT              PAID            STILL OWING

---

**4.    Suits and administrative proceedings, executions, garnishments and attachments**

None

☐  a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

CAPTION OF SUIT                                          COURT OR AGENCY    STATUS OR
AND CASE NUMBER                NATURE OF PROCEEDING      AND LOCATION       DISPOSITION



Due to the complexity of the Debtors' legal matters, suits and administrative proceedings are reported under Tronox Incorporated (Case No. 09-10156 (ALG)). See response to question 4 of the Statement of Financial Affairs for Tronox Incorporated for more information.

---

None

☒  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS                                         DESCRIPTION
OF PERSON FOR WHOSE                 DATE OF              AND VALUE
BENEFIT PROPERTY WAS SEIZED         SEIZURE             OF PROPERTY

---

**5.    Repossessions, foreclosures and returns**

None

☒  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS                    DATE OF REPOSSESSION,    DESCRIPTION
OF CREDITOR OR SELLER               FORECLOSURE SALE,        AND VALUE OF
                                    TRANSFER OR RETURN       PROPERTY

---

**6.    Assignments and receiverships**

4

In re:  Cimarron Corporation                                   Case No.    09-10157 (ALG)

---

None

☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

_____

None

☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

_____

### 7.  Gifts

None

☒

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

_____

### 8.  Losses

None

☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.**  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

_____

5

In re:   Cimarron Corporation                                Case No.    09-10157 (ALG)

---

**9.   Payments related to debt counseling or bankruptcy**

None


List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**10.   Other transfers**

None


a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

---

None


b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.   Closed financial accounts**

None


List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

6

In re:   Cimarron Corporation                                    Case No.     09-10157 (ALG)

---

**12.   Safe deposit boxes**

None


List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13.   Setoffs**

None
☐

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

See response for Tronox Incorporated, Case No. 09-10156 (ALG)

---

**14.   Property held for another person**

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15.   Prior address of debtor**

None
☒

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

In re:  Cimarron Corporation                    Case No.    09-10157 (ALG)

---

**16.  Spouses and Former Spouses**

None

☐

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

Not Applicable

_____

**17.  Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

_____

None

☐

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| Cimarron P.O. Box 315 Crescent, OK 73028 | NRC Region IV | 06/27/1979 | Atomic Energy Act of 1954 Energy Reorganization Act of 1974 |
| Cimarron P.O. Box 315 Crescent, OK 73028 | NRC Region IV 611 Ryan Plaza Drive, Suite 400 Arlington, TX 76011 | 02/20/1981 | Atomic Energy Act of 1954 Energy Reorganization Act of 1974 |
| Cimarron P.O. Box 315 Crescent, OK 73028 | NRC Region IV 611 Ryan Plaza Drive, Suite 400 Arlington, TX 76011 | 11/19/1981 | Atomic Energy Act of 1954 Energy Reorganization Act of 1974 |
| Cimarron P.O. Box 315 Crescent, OK 73028 | NRC Region IV 611 Ryan Plaza Drive, Suite 400 Arlington, TX 76011 | 04/27/1984 | Atomic Energy Act of 1954 Energy Reorganization Act of 1974 |
| Cimarron P.O. Box 315 Crescent, OK 73028 | NRC Region IV 611 Ryan Plaza Drive, Suite 400 Arlington, TX 76011 | 09/22/1986 | Atomic Energy Act of 1954 Energy Reorganization Act of 1974 |

8

In re:  Cimarron Corporation                    Case No.    09-10157 (ALG)

---

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| Cimarron P.O. Box 315 Crescent, OK 73028 | NRC Region IV 611 Ryan Plaza Drive, Suite 400 Arlington, TX 76011 | 11/26/2001 | Atomic Energy Act of 1954 Energy Reorganization Act of 1974 |

---

None ☐  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| Cimarron P.O. Box 315 Crescent, OK 73028 | U.S. Nuclear Regulatory Commission 11555 Rockville Pike Rockville, MD 20852 | 12/01/1983 | Atomic Energy Act of 1954 Energy Reorganization Act of 1974 |

---

None ☐  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
| Due to the complexity of the Debtors' legal matters, suits and administrative proceedings are reported under Tronox Incorporated (Case No. 09-10156 (ALG)). See response to question 17c of the Statement of Financial Affairs for Tronox Incorporated for more information. | | |

---

**18.   Nature, location and name of business**

None ☒  a. *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

9

In re:   Cimarron Corporation                                  Case No.      09-10157 (ALG)

---

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

---

None    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11
☐       U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

Not Applicable

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19.  Books, records and financial statements**

None    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy
☐       case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Ritter, Edward G.<br>3301 NW 150th St<br>Oklahoma City, OK 73134 | 1/12/2007 - Present |
| Klvac, David<br>3301 NW 150th St<br>Oklahoma City, OK 73134 | 1/12/2007 - 6/2/2008 |
| Mikkelson, Mary<br>3301 NW 150th St<br>Oklahoma City, OK 73134 | 1/12/2007 - Present |

10

In re:   Cimarron Corporation                                    Case No.    09-10157 (ALG)

_____

None    b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have
☐       audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|
| Ernst & Young | 5 Times Square<br>New York, NY 10036-6530 | 1/12/2007 - Present |

_____

None    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of
☐       account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| Ritter, Edward G. | 3301 NW 150th St<br>Oklahoma City, OK 73134 |
| Mikkelson, Mary | 3301 NW 150th St<br>Oklahoma City, OK 73134 |

_____

None    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
☐       financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                          DATE ISSUED

The Debtor's parent company, Tronox Incorporated, is a public company registered with the SEC and as
such, in the ordinary course, the Debtor may have provided financial information to banks, bond holders,
customers, suppliers, rating agencies and various other interested parties.
_____

### 20.  Inventories

None    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking
☒       of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT<br>OF INVENTORY<br>(Specify cost, market or other basis) |
|-------------------|----------------------|----------------------------------------------------------------------|

_____

11

In re:   Cimarron Corporation                                          Case No.      09-10157 (ALG)

---

None    b. List the name and address of the person having possession of the records of each of the inventories reported in a.,
[X]     above.

|                            | NAME AND ADDRESSES |
|                            | OF CUSTODIAN |
| DATE OF INVENTORY          | OF INVENTORY RECORDS |

---

**21.   Current Partners, Officers, Directors and Shareholders**

None    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
[ ]     partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |

Not Applicable

---

None    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or
[ ]     indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE |
|                  |       | OF STOCK OWNERSHIP |

See attached rider

---

**22.   Former partners, officers, directors and shareholders**

None    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately
[ ]     preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |

Not Applicable

---

None    b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within
[ ]     **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |

12

In re:   Cimarron Corporation                                Case No.    09-10157 (ALG)

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| Brown, Robert Y<br>6101 Wynstone Dr<br>Edmond, OK 73034 | Director | 12/04/2008 |
| Klvac, David J<br>17205 Fox Prowl Lane<br>Edmond, OK 73003 | Vice President and Controller | 06/02/2008 |
| Walke, Melody A<br>616 Rivermont Court<br>Norman, OK 73072 | Vice President and Treasurer | 06/30/2008 |

**23.  Withdrawals from a partnership or distributions by a corporation**

None  ☒

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS<br>OF RECIPIENT,<br>RELATIONSHIP TO DEBTOR | DATE AND PURPOSE<br>OF WITHDRAWAL | AMOUNT OF MONEY<br>OR DESCRIPTION<br>AND VALUE OF PROPERTY |
|---|---|---|

**24.  Tax Consolidation Group.**

None  ☐

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|
| Kerr-McGee Corporation (until 11/28/2005) | 73-1612389 |
| Tronox Incorporated | 20-2868245 |

**25.  Pension Funds.**

None  ☐

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|
| Tronox Incorporated Defined Benefit Pension Plan Trust | 20-2868245 |

13

In re:   Cimarron Corporation                              Case No.     09-10157 (ALG)

_____

\* \* \* \* \* \*

11

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____

Signature
of Debtor _____

Date _____

Signature of
Joint Debtor
(if any) _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date    03/30/2009 _____

Signature    **/s/ Gary Barton** _____

Print Name and
Title    Gary Barton, Chief Restructuring Officer

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer        Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____    _____
Signature of Bankruptcy Petition Preparer        Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.***

**Cimarron Corporation**                                                    **Case No. 09-10157 (ALG)**

**Sofa 21b**
**Current Partners, Officers, Directors and Shareholders**

| Name and Address | Title | Nature & Percentage of Stock Ownership |
|---|---|---|
| Tronox Worldwide LLC<br>3301 NW 150th St<br>Oklahoma City, OK 73134 | Parent Company | 100% |
| Corbett, Patrick<br>3301 NW 150th St<br>Oklahoma City, OK 73134 | Director and President | N/A |
| Foster, Michael J<br>3301 NW 150th St<br>Oklahoma City, OK 73134 | Vice President and Secretary | N/A |
| Logan, S. Michael<br>3301 NW 150th St<br>Oklahoma City, OK 73134 | Director and Vice President | N/A |
| Mikkelson, Mary<br>3301 NW 150th St<br>Oklahoma City, OK 73134 | Senior Vice President & Chief Financial Officer | N/A |