**Hearing Date: May 6, 2009 at 11 a.m. (ET)**
**Objection Deadline: April 29, 2009 at 4:00 p.m. (ET)**

Richard M. Cieri
Jonathan S. Henes
Colin M. Adams
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRONOX INCORPORATED, et al.,[1] | ) | Case No. 09-10156 (ALG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

# NOTICE OF TRONOX'S STATEMENT OF SUBSTANTIAL COMPLIANCE WITH, AND MOTION FOR ENTRY OF AN ORDER MODIFYING, THE REPORTING REQUIREMENTS OF RULE 2015.3 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

PLEASE TAKE NOTICE that a hearing (the "Hearing") on Tronox's Statement of Substantial Compliance with (the "Statement"), and Motion for Entry of an Order Modifying, the Reporting Requirements of Rule 2015.3 of the Federal Rules of Bankruptcy Procedure (the "Motion") will be held before the Honorable Allan L. Gropper of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), in Room 617, One Bowling Green, New York, New York, on **May 6, 2009 at 11:00 a.m. (ET)**.

---

[1] The Debtors in these cases include: Tronox Luxembourg S.ar.L.; Tronox Incorporated; Cimarron Corporation; Southwestern Refining Company, Inc.; Transworld Drilling Company; Triangle Refineries, Inc.; Triple S, Inc.; Triple S Environmental Management Corporation; Triple S Minerals Resources Corporation; Triple S Refining Corporation; Tronox LLC; Tronox Finance Corp.; Tronox Holdings, Inc.; Tronox Pigments (Savannah) Inc.; and Tronox Worldwide LLC.

K&E 14410878.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Statement or the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (in either case, with a hard-copy delivered directly to Chambers), and shall be served upon (a) counsel to Tronox, Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, New York 10022-4611, Attn: Jonathan S. Henes, Esq. and Colin M. Adams, Esq.; (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Susan D. Golden, Esq.; (c) counsel to the agent for Tronox's prepetition and postpetition secured lenders, Cravath, Swaine & Moore LLP, 825 Eighth Avenue, New York, NY 10019-7475, Attn: Robert H. Trust, Esq.; (d) counsel to the official committee of unsecured creditors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Attn: Alan W. Kornberg, Esq. and Elizabeth McColm, Esq.; (e) proposed counsel to the official committee of equity security holders, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, New York 10036-4039, Attn: Craig A. Barbarosh, Esq. and David A. Crichlow, Esq.; (f) the Office of the United States Attorney for the Southern District of New York and the Environmental Protection Agency, Attn: Matthew L. Schwartz, Esq., Assistant United States Attorney, Southern District of New York, 86 Chambers Street, 3rd Floor, New York, New York 10007; and (g) all those persons and entities that have formally requested

notice by filing a written request for notice pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules (with service on such parties by email only), so as to be actually received **no later than April 29, 2009 at 4:00 p.m. (ET)**.  Only those responses that are timely filed, served and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by Tronox.

| | |
|---|---|
| New York, New York<br>Dated: April 3, 2009 | /s/ Colin M. Adams<br>Richard M. Cieri<br>Jonathan S. Henes<br>Colin M. Adams<br>KIRKLAND & ELLIS LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York  10022-4611<br>Telephone:    (212) 446-4800<br>Facsimile:     (212) 446-4900<br><br>Counsel to the Debtors<br>and Debtors in Possession |

K&E 14410878.

**Hearing Date: May 6, 2009 at 11 a.m. (ET)**
**Objection Deadline: April 29, 2009 at 4:00 p.m. (ET)**

Richard M. Cieri
Jonathan S. Henes
Colin M. Adams
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRONOX INCORPORATED, et al.,[1] | ) | Case No. 09-10156 (ALG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### TRONOX'S STATEMENT OF SUBSTANTIAL COMPLIANCE WITH, AND MOTION FOR ENTRY OF AN ORDER MODIFYING, THE REPORTING REQUIREMENTS OF RULE 2015.3 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

The above-captioned debtors (collectively, "Tronox") hereby submit this statement of substantial compliance with Rule 2015.3 of the Federal Rules of Bankruptcy Procedure and move the Court, pursuant to this motion (the "Motion"), for entry of an order (the "Order"), substantially in the form attached hereto as Exhibit A, modifying the reporting requirements of Rule 2015.3 of the Federal Rules of Bankruptcy Procedure.  In support of the Statement and the Motion, Tronox respectfully states as follows:

---

[1] The Debtors in these cases include:  Tronox Luxembourg S.ar.L; Tronox Incorporated; Cimarron Corporation; Southwestern Refining Company, Inc.; Transworld Drilling Company; Triangle Refineries, Inc.; Triple S, Inc.; Triple S Environmental Management Corporation; Triple S Minerals Resources Corporation; Triple S Refining Corporation; Tronox LLC; Tronox Finance Corp.; Tronox Holdings, Inc.; Tronox Pigments (Savannah) Inc.; and Tronox Worldwide LLC.

K&E 14410878.

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is Rule 2015.3(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

4. On January 12, 2009 (the "Petition Date"), Tronox filed petitions with the Court under chapter 11 of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). Tronox is operating its businesses and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Tronox's chapter 11 cases (collectively, the "Chapter 11 Cases") are consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). On January 21, 2009, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On March 13, 2009, the U.S. Trustee appointed an official committee of equity security holders (the "Equity Committee"). No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

5. Tronox, together with its non-debtor affiliates, is among the world's leading producers of titanium dioxide pigment and electrolytic and other specialty chemicals. Tronox's products are used in the manufacture of a number of everyday goods and consumer products such as paints, coatings, plastics, paper, batteries, toothpaste, sunscreen and shampoo. Tronox has approximately 1,100 customers located in more than 100 countries.

*Tronox Incorporated*

6. The debtors in the Chapter 11 Cases include Tronox Incorporated and 14 of its direct and indirect wholly-owned subsidiaries. Tronox Incorporated also: (a) is the indirect parent company of 18 wholly-owned non-debtor subsidiaries (the "Wholly-Owned Non-Debtors")[2]; (b) indirectly owns non-controlling equity investments in two non-debtor entities (the "Equity Investment Non-Debtors")[3]; and (c) indirectly owns undivided 50% interests in the assets of four non-debtor entities comprising a joint venture in Australia (the "Joint Venture Non-Debtors"[4], and together with the Wholly-Owned Non-Debtors and the Equity Investment Non-Debtors, the "Non-Debtor Entities").

7. Tronox Incorporated is a publicly traded corporation whose stock was traded on the New York Stock Exchange under the symbols TRX and TRX.B from November 28, 2005

---

[2] The Wholly-Owned Non-Debtors include (with state or country of incorporation in parentheses): Tronox Funding LLC (Delaware); Tronox Western Australia Pty Ltd. (Western Australia); Tronox Pigments Ltd. (Bahamas Islands); Tronox B.V. (Netherlands); Tronox Finance B.V. (Netherlands); Tronox Pigments (Singapore) Pte Ltd. (Singapore); Tronox Luxembourg Holding S.ar.L (Luxembourg); Tronox Switzerland Holding GmbH (Switzerland); Tronox Pigments International GmbH (Switzerland); Tronox Holdings Europe C.V. (Netherlands); Tronox Pigments (Netherlands) B.V. (Netherlands); Tronox Denmark International ApS (Denmark); Tronox International ApS (Denmark); Tronox Pigments (Holland) B.V. (Netherlands); Tronox GmbH (Germany); Tronox Pigments GmbH (Germany); and Tronox Pigments S.pr.L (Belgium).

[3] The Equity Investment Non-Debtors include (with state of incorporation in parentheses) Basic Management, Inc. (Nevada) and The LandWell Company, L.P. (none). Tronox Incorporated's interests in the Equity Investment Non-Debtors are carried as a component of long-term receivables, investments and other assets in the consolidated balance sheet at cost, adjusted for equity in undistributed earnings.

[4] The Joint Venture Non-Debtors, each of which is incorporated in Western Australia, include: Tiwest Joint Venture; Tiwest Pty Ltd.; Tiwest Sales Pty Ltd.; and Jurien Exploration Joint Venture.

The Joint Venture Non-Debtors comprise the operating assets of Tronox Incorporated's joint venture with Exxaro Australia Sands Pty Ltd. (the "Tiwest Joint Venture"). Wholly-Owned Non-Debtor Tronox Western Australia Pty Ltd., which is a wholly-owned subsidiary of debtor Tronox LLC, owns a 50% undivided interest in all of the assets which comprise the operations conducted by the Tiwest Joint Venture, and is severally liable for 50% of associated liabilities.

3

until September 30, 2008. Since that time, the stock of Tronox Incorporated has traded on the Over the Counter Bulletin Board, most recently under the symbols TRXAQ and TRXBQ.

*Tronox Incorporated's SEC Filings*

8.  As a public corporation, Tronox Incorporated is required to file periodic reports with the United States Securities and Exchange Commission (the "SEC") pursuant to section 13 of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., and the regulations promulgated thereunder (collectively, the "Securities Laws"). These periodic reports include an annual report on form 10-K, quarterly reports on form 10-Q, current reports on form 8-K, and various other reports required by the Securities Laws (collectively, the "SEC Filings"). Tronox Incorporated has continued to make its SEC Filings since the Petition Date.[5] These reports are available to the public at http://www.tronox.com/ir/financial/index.htm.

9.  Pursuant to Parts 210.3 and 210.3A of Regulation S-X of the Securities Laws, 17 C.F.R. §§ 210.3 and 210.3A, Tronox Incorporated's SEC Filings contain consolidated financial information regarding the balance sheets and statements of income and cash flows of the Tronox debtors as well as the Non-Debtor Entities, with the exception of the Equity Investment Non-Debtors, whose impact on the results of Tronox Incorporated is stated separately in the SEC Filings.[6]

---

[5] Tronox Incorporated has not yet filed its annual report on form 10-K for the period ended December 31, 2008, which report was due on March 16, 2009. On March 16, 2009, Tronox Incorporated filed form 12b-25, indicating its inability to timely file its 2008 10-K, as Tronox Incorporated requires additional time for a more thorough review of financial and other disclosures regarding potential asset impairments and environmental reserves. Tronox Incorporated expects to finalize its impairment analysis and report the same in a current report on form 8-K filed with the SEC by the middle of April 2009.

[6] Results for the Equity Investment Non-Debtors are listed on page 11 of Tronox Incorporated's most recent quarterly report on form 10-Q, filed on November 7, 2008, under the heading "Summarized Combined Financial Information of Affiliates". This report is available publicly at: http://www.sec.gov/Archives/edgar/data/1328910/000095013408019894/d65058e10vq.htm.

K&E 14410878.

10.     The instructions to Part 210.3A-02 of Regulation S-X, titled "Consolidated Financial Statements of the Registrant and its Subsidiaries", state as follows:

> In deciding upon consolidation policy, the registrant must consider what financial presentation is most meaningful in the circumstances and should follow in the consolidated financial statements principles of inclusion or exclusion which will clearly exhibit the financial position and results of operations of the registrant. There is a *presumption that consolidated statements are more meaningful than separate statements* and that they are usually *necessary for a fair presentation* when one entity directly or indirectly has a controlling financial interest in another entity.

17 C.F.R. § 210.3A-02 (emphasis supplied). As a consequence of these instructions, Tronox Incorporated consolidates the financial information of the Non-Debtor Entities (with the exception of the Equity Investment Non-Debtors) in the SEC Filings.

### Statement of Substantial Compliance

11.     Tronox believes that because Tronox Incorporated has continued to make its SEC Filings since the Petition Date, Tronox is already in substantial compliance with Bankruptcy Rule 2015.3(a), which requires (as detailed more fully below) that Tronox file periodic reports regarding the financial condition of the Non-Debtor Entities. However, out of an abundance of caution, Tronox has filed this Motion under Bankruptcy Rule 2015.3(d), respectfully requesting that this Court modify the reporting requirements of Bankruptcy Rule 2015.3(a) for cause, on the grounds that the information required by Bankruptcy Rule 2015.3(a) is already publicly available.

### Relief Requested

12.     For the reasons set forth herein, Tronox respectfully requests entry of an Order pursuant to Bankruptcy Rule 2015.3(d) modifying the reporting requirements of Bankruptcy Rule 2015.3(a). Specifically, Tronox requests that this Court find that the information publicly

5

available in the SEC Filings satisfies the reporting requirements of Bankruptcy Rule 2015.3(a), and thus that cause exists under Bankruptcy Rule 2015.3(d) for this Court to modify the reporting requirements of Bankruptcy Rule 2015.3(a).

## Basis for Relief

13. Bankruptcy Rule 2015.3(a) requires that a chapter 11 debtor file periodic reports regarding the financial condition of non-debtor entities which are either privately held or in which the debtor holds a substantial or controlling interest. Specifically, Bankruptcy Rule 2015.3(a) provides that:

> In a chapter 11 case, the … debtor in possession shall file periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estate holds a substantial or controlling interest.

Fed. R. Bankr. P. 2015.3(a).

14. However, Bankruptcy Rule 2015.3(d), titled "Modification of Reporting Requirement", authorizes the Bankruptcy Court to alter the reporting requirements of Bankruptcy Rule 2015.3(a) "for cause", providing in relevant part that:

> The court may … vary the reporting requirement established by [Bankruptcy Rule 2015.3(a)] for cause, including that … the information required by [Bankruptcy Rule 2015.3(a)] is publicly available.

Fed. R. Bankr. P. 2015(d).

15. Bankruptcy Rule 2015.3 has been in effect for less than five months and there is little interpretive guidance regarding the parameters for compliance. However, the language of Bankruptcy Rule 2015.3(d) suggests that information already available to the public in the form of Tronox Incorporated's SEC Filings should satisfy the reporting requirements of Bankruptcy Rule 2015.3(a) with respect to the Non-Debtor Entities.

6

16.     As detailed above, the SEC Filings contain consolidated information regarding the value, operations and profitability of Tronox Incorporated, which includes financial information regarding both the Tronox debtors and the Non-Debtor Entities. Thus, Tronox respectfully requests that this Court find that the information required by Bankruptcy Rule 2015.3(a) is "publicly available" within the meaning of Bankruptcy Rule 2015.3(d).

17.     Moreover, the relief requested herein will not prejudice any party in interest. Since the Petition Date, Tronox has worked cooperatively with its prepetition and postpetition secured lenders, the U.S. Trustee, the Creditors' Committee and, more recently, the Equity Committee, to provide access to Tronox's books and records, including disclosures relating to the Non-Debtor Entities. In addition, on March 30, 2009, Tronox filed its statements of financial affairs and schedules of assets and liabilities pursuant to section 521 of the Bankruptcy Code, which provided considerable information regarding Tronox's business operations and financial position to all parties in interest in the Chapter 11 Cases.

## Motion Practice

18.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, Tronox submits that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## Notice

19.     Tronox has provided notice of this Motion to: (a) the U.S. Trustee; (b) counsel to the agent for Tronox's prepetition and postpetition secured lenders; (c) counsel to the Creditors' Committee; (d) proposed counsel to the Equity Committee; (e) the Office of the United States Attorney for the Southern District of New York; (f) the Environmental Protection Agency; and (g) all those persons and entities that have formally appeared and requested service in these cases

pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, Tronox respectfully submits that no further notice is necessary.

## No Prior Request

20. No prior motion for the relief requested herein has been made to this or any other court.

K&E 14410878.

WHEREFORE, Tronox respectfully requests entry of an Order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) modifying the reporting requirements of Bankruptcy Rule 2015.3(a) and (b) granting such other and further relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated:  April 3, 2009 | /s/ Colin M. Adams<br>Richard M. Cieri<br>Jonathan S. Henes<br>Colin M. Adams<br>KIRKLAND & ELLIS LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York  10022-4611<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900<br><br>Counsel to the Debtors<br>and Debtors in Possession |

# EXHIBIT A

**Proposed Order**

K&E 14410878.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| TRONOX INCORPORATED, et al.,[1] | ) ) ) | Case No. 09-10156 (ALG) |
| Debtors. | ) ) ) | Jointly Administered |

### ORDER MODIFYING THE REPORTING REQUIREMENTS OF
### RULE 2015.3 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, "Tronox") for entry of an order (the "Order") modifying the reporting requirements of Rule 2015.3 of the Federal Rules of Bankruptcy Procedure; and it appearing that the relief requested is in the best interests of Tronox's estates, its creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

    1.    The Motion is granted in its entirety.

---

[1] The Debtors in these cases include: Tronox Luxembourg S.ar.L.; Tronox Incorporated; Cimarron Corporation; Southwestern Refining Company, Inc.; Transworld Drilling Company; Triangle Refineries, Inc.; Triple S, Inc.; Triple S Environmental Management Corporation; Triple S Minerals Resources Corporation; Triple S Refining Corporation; Tronox LLC; Tronox Finance Corp.; Tronox Holdings, Inc.; Tronox Pigments (Savannah) Inc.; and Tronox Worldwide LLC.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

      2.      Tronox Incorporated's SEC Filings satisfy Tronox's reporting requirements under Rule 2015.3(a) of the Federal Rules of Bankruptcy Procedure.

      3.      Tronox is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

      4.      Notwithstanding the possible applicability of Rules 6004(h), 7062, and 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

      5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  
Date: _____, 2009                                  United States Bankruptcy Judge

K&E 14410878.