UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                                                 : Chapter 11
:
TRONOX INCORPORATED, et al.,                                          : Case No. 09-10156 (ALG)
:
:  Jointly Administered
Debtors.                                                              :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FINAL ORDER PURSUANT TO §§ 328(a) AND 1103 AND FED. R. BANKR. P. 2014 AND SDNY LOCAL BANKR. RULE 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF JEFFERIES & COMPANY, INC. AS ITS FINANCIAL ADVISORS, NUNC PRO TUNC TO JANUARY 23, 2009**

Upon the Application (the "Application")[1] of the Official Creditors' Committee of Unsecured Creditors (the "Creditors' Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Tronox, Inc. ("Tronox"), and its affiliated debtors and debtors in possession (the "Debtors") for an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing the Creditors' Committee to retain and employ Jefferies & Company, Inc. ("Jefferies") as its financial advisors for the Creditors' Committee, nunc pro tunc to January 23, 2009 (the "Retention Date"), pursuant to the terms of the engagement letter between the Creditors' Committee and Jefferies, dated January 23, 2009 (the "Engagement Letter"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application and determined that the employment of Jefferies by the Creditors' Committee is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; and that the terms of compensation being sought by the Application, as set forth in the Engagement Letter, are reasonable; and the Court having considered the Declaration of Frank Merola, sworn to October 21, 2008 (the "Merola Declaration") filed in support of the Application, the supplement (the "Supplement") in further support of the Application, dated May 18, 2009, and the Declaration of Evan Stone, sworn to May 18, 2009, filed in support of the Supplement (collectively, the "Application Support Documents"); and the Court being satisfied based on the representations in the Application and the Application Support Documents that Jefferies does not represent any other entity having an adverse interest in connection with the Chapter 11 Cases; and the Court having determined that the legal and factual bases set forth in the Application and the Application Support Documents establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Application is granted except as modified hereby.

2. The Creditors' Committee is hereby authorized and empowered to retain and employ Jefferies on a final basis as its financial advisor nunc pro tunc to the Retention Date

in accordance with the terms and conditions of the Engagement Letter and this Order, and that Jefferies' compensation shall be subject to the standard of review provided for in section 328(a) of the Bankruptcy Code, and not subject to any other standard of review under section 330 of the Bankruptcy Code.

3. Notwithstanding the foregoing, the United States Trustee retains all rights to object to Jefferies' fee applications for the Transaction Fee (as defined in the Engagement Letter) on all grounds, including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code, provided, however, that the number of hours expended by Jefferies shall not be the determinant of such reasonableness.

4. The Creditors' Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

5. The terms of the Engagement Letter, including, without limitation, the Indemnity, are approved in all respects except as limited herein.

6. Jefferies' fees shall be subject to, and not paid prior to, the approval of this Court and upon proper application by Jefferies in accordance with the applicable procedures set forth in the Application, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the further orders of this Court, provided, however that Jefferies shall be excused from keeping time in one-tenth of an hour increments, and instead shall be permitted to file fee applications that include time records setting forth, in a summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Creditors' Committee in one hour increments.

7. Pursuant to the terms of the Engagement Letter, Jefferies is entitled to reimbursement for reasonable expenses incurred in connection with the performance of its

engagement under the Engagement Letter, including, without limitation, the fees, disbursements and other charges of Jefferies' counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise); provided that Jefferies shall not be reimbursed for counsel fees to the extent that the services provided to Jefferies are duplicative of services provided by the Creditors' Committee's counsel and do not relate to issues affecting Jefferies.

8. All requests of Indemnified Persons (as defined in the Engagement Letter) for payment of indemnity or contribution pursuant to the indemnification provisions of the Engagement Letter prior to the Debtors' emergence from bankruptcy shall be made by means of an application to the Court (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity or contribution conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this court, and to ensure that payment of such indemnity or contribution is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall an Indemnified Person be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

9. In the event that an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the indemnification provisions of the Engagement Letter prior to the Debtors' emergence from bankruptcy, the invoices and supporting time records from such attorneys shall be included in Jefferies' applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under

the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10. Jefferies professionals providing services to the Creditors' Committee shall not represent any of the Debtors in connection with matters relating to the Debtors, their estates, assets, or businesses and shall only represent the Creditors' Committee in matters relating to the Debtors, their estates, assets, or businesses.

11. To the extent this Order is inconsistent with the Engagement Letter or the Application, this Order shall govern.

12. Notwithstanding the possible applicability of Rules 6004(h), 7062, 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      June 4, 2009

                                              */s/ Allan L. Gropper*
                                              UNITED STATES BANKRUPTCY JUDGE