UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRONOX INCORPORATED, et al.,[1] | Case No. 09-10156 (ALG) |
| Debtors. | Jointly Administered |

### ORDER AUTHORIZING TRONOX TO ENTER INTO
### PLAN SUPPORT AGREEMENT AND EQUITY COMMITMENT AGREEMENT

Upon the Emergency Motion of the above-captioned debtors (collectively, "Tronox") for Interim and Final Orders (A) Authorizing (I) Replacement Postpetition Secured Financing, (II) Authorizing Use of Cash Collateral, and (III) Authorizing Repayment of Existing Postpetition Financing and Prepetition Secured Financing; (B) Authorizing Entry Into Plan Support Agreement; (C) Authorizing Entry Into Equity Commitment Agreement; and (D) Scheduling a Final Hearing (the "Motion")[2]; and upon the statements made in support of the Motion at the hearing held on December 22, 2009; and it appearing that the relief requested is in the best interests of Tronox's estates, its creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the

---

[1] The debtors in these chapter 11 cases include: Tronox Luxembourg S.ar.l; Tronox Incorporated; Cimarron Corporation; Southwestern Refining Company, Inc.; Transworld Drilling Company; Triangle Refineries, Inc.; Triple S, Inc.; Triple S Environmental Management Corporation; Triple S Minerals Resources Corporation; Triple S Refining Corporation; Tronox LLC; Tronox Finance Corp.; Tronox Holdings, Inc.; Tronox Pigments (Savannah) Inc.; and Tronox Worldwide LLC.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

1. The Motion is granted to the extent provided herein.

*Plan Support Agreement*

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, Tronox, the Creditors' Committee and the Bondholders (the "Parties") are authorized to execute, deliver and implement the Plan Support Agreement and all exhibits and attachments thereto, and to take any and all actions necessary and proper to implement the terms of the Plan Support Agreement.

3. In accordance with the terms of the Plan Support Agreement, Tronox is authorized, but not directed, to cancel the Auction (as that term is defined in the Bidding Procedures Order).

4. In accordance with the terms of the Plan Support Agreement, the Goldman Break-up Fee is approved and Tronox is authorized, but not directed, to pay the Goldman Break-up Fee; provided, however, that the Goldman Break-up Fee shall be paid solely from the proceeds of a Competing Transaction (as such term is defined in the Plan Support Agreement) or from funds of Tronox if Tronox extends the maturity date of the Existing DIP Facility. For the avoidance of doubt, the Goldman Break-up Fee shall not be payable if the Replacement DIP Facility is funded in accordance with the terms of the Replacement DIP Agreement.

5. Notwithstanding anything to the contrary in the Plan Support Agreement, the Term Sheet or herein, each of Tronox and the Creditors' Committee shall retain the express right to terminate the Plan Support Agreement should either party determine in good faith that continued pursuit of the plan as set forth in the Term Sheet would constitute a breach of its fiduciary duties under applicable law.

6. Notwithstanding anything to the contrary in the Plan Support Agreement, the Term Sheet or herein, and subject to section 1121 of the Bankruptcy Code, to the extent that a competing plan of reorganization is developed and/or Tronox's exclusive periods are terminated, nothing contained in the Plan Support Agreement, the Term Sheet or herein shall limit the ability of any Party or other party in interest to discuss and/or negotiate the terms of such competing plan of reorganization with the plan proponents of such competing plan of reorganization, or to vote in favor of such competing plan of reorganization.

7. Consistent with the representations made on the record at the hearing on December 22, 2009, the Effective Date of the Plan (as defined in the Term Sheet) is conditioned on the Parties reaching a Custodial Trust Settlement Agreement (as defined in the Term Sheet) with the United States and the State of Nevada Department of Conservation and Natural Resources, Division of Environmental Protection, regarding Tronox's owned site located at Henderson, Nevada.

8. Nothing in this Order, the Plan Support Agreement, the Equity Commitment Agreement or any other agreement entered into in connection therewith shall prejudice the rights of the State of Nevada Department of Conservation and Natural Resources, Division of Environmental Protection, the Southern Nevada Water Authority, the Metropolitan Water District of Southern California, and the Central Arizona Project/Central Arizona Water Conservation District to object to or seek to modify any proposed disclosure statement or plan of reorganization.

*Equity Commitment Agreement*

9. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, Tronox and the Bondholders are authorized to execute, deliver and implement the Equity Commitment

3

Agreement and all exhibits and attachments thereto, and to take any and all actions necessary and proper to implement the terms of the Equity Commitment Agreement.

10. Notwithstanding anything to the contrary in the Equity Commitment Agreement or the Plan Support Agreement, Tronox is not authorized to pay any fees and out-of-pocket expenses incurred by the legal or financial advisors to the Bondholders until entry of a further order of this Court authorizing such payments, with such relief to be heard in connection with the final hearing regarding Tronox's entry into the Replacement DIP Facility presently scheduled for January 14, 2010 at 11:00 a.m. (ET), it being understood that failure to obtain Court approval of such fees and expenses by January 15, 2010 shall be a termination event under section 12(b) of the Equity Commitment Agreement; provided, however, that Tronox is authorized, but not directed, to pay any fees and out-of-pocket expenses incurred by legal advisors to the Bondholders in accordance with that certain Amended Order Authorizing Tronox To Pay (A) Due Diligence Costs Incurred By Interested Lenders In Connection With Their Financing Efforts And (B) Certain Professional Fees Of An Ad Hoc Committee of Bondholders (Dkt. No. 915).

11. Tronox is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. Notwithstanding the possible applicability of Rules 6004(h), 7062 and 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  */s/ Allan L. Gropper*
Date: December 23, 2009  United States Bankruptcy Judge

K&E:16080831.5