UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK                **NOT FOR PUBLICATION**
-----------------------------------------------------------x
In re:                                       :    Chapter 11
                                             :
TRONOX INCORPORATED, *et al.*,               :    Case No. 09-10156 (ALG)
                                             :
                    Debtors.                 :    (Jointly Administered)
-----------------------------------------------------------x

## ORDER DENYING MOTION TO ENLARGE TIME FOR FILING PROOF OF CLAIM

APPEARANCES:

LOWENSTEIN SANDLER PC
Attorneys for Claimants LaGrange Capital Partners, LP and LaGrange Capital Partners Offshore Fund, Ltd.
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
 By:   Michael S. Etkin
       Ira M. Levee

KIRKLAND & ELLIS LLP
Attorneys for Debtors
601 Lexington Avenue
New York, New York 10022
 By:   Richard M. Cieri
       Jonathan S. Henes
       Patrick J. Nash, Jr.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Attorneys for the Official Committee of Unsecured Creditors
1285 Avenue of the Americas
New York, New York 10019
 By:   Alan W. Kornberg
       Brian S. Hermann
       Elizabeth R. McColm
       Lindsay F. Cohen

PILLSBURY WINTHROP SHAW PITTMAN LLP
Attorneys for the Official Committee of Equity Holders
1540 Broadway
New York, New York 10036
 By:   Craig A Barbarosh
       David A. Crichlow
       Karen B. Dine

**ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE**

Before the Court is a motion by LaGrange Capital Partners, LP and LaGrange Capital Partners Offshore Fund, Ltd., lead plaintiffs ("Lead Plaintiffs") in securities litigation against the above-captioned debtors and others, to enlarge their time for filing a class proof of claim. For the reasons stated below, the motion is denied.

**Background**

The Debtors filed petitions under chapter 11 of the Bankruptcy Code on January 12, 2009. Pursuant to Court order of May 28, 2009, the bar date for the filing of claims against the Debtors was established as August 12, 2009 (the "Bar Date"). (Dckt. No. 466). Notice of the Bar Date (the "Bar Date Notice") was mailed to thousands of potential claim holders, as well as the registered holders of the Class A and Class B common stock of debtor Tronox Incorporated. Brokers and dealers who held stock in nominee name were instructed to provide notice to the beneficial owners. It is uncontested that the Lead Plaintiffs were provided individual notice of the bankruptcy proceedings and the Bar Date. The Bar Date Notice specifically required an entity with a claim based on securities fraud to file a Proof of Claim by the Bar Date, stating:

2

> [I]f you wish to assert a Claim against any of the Debtors based on, without limitation, Claims for damages or rescission based on the purchase or sale of an equity security, you MUST submit a Proof of Claim by the Bar Date.

(Dckt. No. 466) (emphasis in original).

On July 10, 2009, a month before the Bar Date, federal securities fraud lawsuits were filed against certain of the Debtors' officers and directors, their former affiliate, Kerr-McGee Corp., and its parent corporation.[1] One of the lawsuits was filed by the Lead Plaintiffs on behalf of a class of all similarly situated shareholders. On September 9, 2009, Lead Plaintiffs filed a motion seeking to be appointed lead plaintiffs in the securities litigation in the Southern District of New York. That motion was granted on October 13, 2009, by order of the Hon. Shira A. Scheindlin. *See In re Tronox, Inc. Securities Litigation*, No. 09 Civ. 6220 (S.D.N.Y. Oct. 13, 2009) (Dckt. No. 50). After their appointment, the Lead Plaintiffs began to prosecute the securities litigation lawsuits and also participated in these bankruptcy cases, filing responses to motions on December 1, 2009 and December 24, 2009.

On January 5, 2010, five months after the Bar Date and three months after being appointed in the securities litigation, Lead Plaintiffs filed a motion seeking leave to file a late proof of claim on behalf of a class of shareholders in these bankruptcy proceedings. The motion is opposed by the Debtors, the Official Creditors Committee and the Official Equity Committee, appointed to represent the interests of the current holders of equity in these cases. A hearing was held on April 28, 2010.

---

[1] Tronox Incorporated was not named as a defendant in the securities litigation, presumably because of the automatic stay of § 362 of the Bankruptcy Code.

3

**Discussion**

The motion filed by the Lead Plaintiffs seeks an extension of the Bar Date on a claim of excusable neglect, as provided in Bankruptcy Rule 9006(b)(1). While a decision to allow the filing of a late proof of claim is ultimately an equitable one, the Supreme Court has identified several important factors that must be considered in determining whether there has been "excusable neglect," including:

> the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Second Circuit has repeatedly "'taken a hard line' in applying the *Pioneer* test." *Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 122-23 (2d Cir. 2005), *quoting Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366-68 (2d Cir. 2003).

The Reason for the Delay

As the Second Circuit has held, "'the four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith might have more relevance in a close[] case, the reason-for-delay factor will always be critical to the inquiry.'" *See In re Enron Corp.*, 419 F.3d at 123 (alterations in original), *quoting Silivanch*, 333 F.3d at 368; s*ee also Graphic Commc'ns Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5-6 (1st Cir. 2001). In their papers and at the Hearing, Lead Plaintiffs offer as the primary reason for their delay, the contention that they lacked the authority to file a proof of claim

4

on behalf of the class until after their appointment by the District Court on October 13, 2009.

There is no substance to this argument. Courts have without exception found that a putative class representative is not precluded from filing a class proof of claim in a bankruptcy case, whether or not appointed as a class representative in other litigation. As the District Court said in *In re Chateaugay Corp.*, 104 B.R. 626, 634 (S.D.N.Y. 1989), "Proofs of claim filed on behalf of a class may be filed as of right and in such circumstances the bankruptcy court must exercise its discretion, pursuant to rule 9014 to apply or not apply Rule 7023, once an objection has been made to those claims." The decision whether to recognize or refuse class status, made by the Bankruptcy Court on the basis of issues germane to the bankruptcy case, is not conditional on a party's status as "lead plaintiff" in a securities fraud case. *See In re Musicland Holding Corp.*, 362 B.R. 644, 652 (Bankr. S.D.N.Y. 2007) ("If the court certifies the class, … the self-appointed agent has become 'authorized', and the original filing is effective for the whole class...."(quoting *In re American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988))); *see also In re Charter Co.*, 876 F.2d 866, 876 (11th Cir. 1989). When a class is certified, the "court effectively ratifies the agent's authority *nunc pro tunc*." *Musicland*, 362 B.R. at 652.

There simply is no overlap between an appointment as lead plaintiff in securities litigation and the right of a party to file and prosecute a class proof of claim in chapter 11 proceedings. *See In re Charter Co.*, 876 F.2d at 876-77. Recognition of class status in securities litigation does not guaranty recognition of class status in a bankruptcy case, nor is the pendency of class securities litigation a prerequisite to the filing of a class proof of

5

claim in this court, although it may be relevant. The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 77-78, which regulates class securities litigation in the District Court, does not purport to regulate the filing of class claims in this court. It would complicate and potentially delay bankruptcy proceedings – which are protracted and expensive enough as they are – to recognize the rule sought by Lead Plaintiffs – that the filing of a class proof of claim should await an order of a different court on a different issue relating to the organization of litigation in that court.

Moreover, even after they were appointed by the District Court, Lead Plaintiffs were dilatory in filing, failing to make the instant motion until January 5, 2010. The reason offered for the three month delay is unpersuasive – Lead Plaintiffs merely contend that they were preoccupied with the securities litigation. They had time, however, to enter two appearances in these chapter 11 cases on discovery and insurance issues. A shorter delay resulted in the denial of a motion to extend time in *In re DDI Corp.*, 304 B.R. 626, 629 (Bankr. S.D.N.Y. 2004). There, plaintiffs in class action securities fraud litigation attempted to file a class proof of claim against the debtor roughly two months after the bar date had passed. Even though the Court there found that the plaintiffs had not received actual notice of the bar date, it denied the motion, holding that "the excusable neglect analysis must focus on the circumstances surrounding the individual creditor's failure to file a timely proof of claim." *Id* at 630. Otherwise, the Court noted, "Extending the bar date to permit a late class claim may allow the lax creditor to avoid his own fault in failing to file a timely, individual claim." *Id.* at 629. Here, not only are the same concerns present, but the Lead Plaintiffs had individual notice of the Bar Date.

6

Based on all of the above, the Court finds that the excuses proffered for the delay in filing are insubstantial, a conclusion that weighs strongly in favor of denying the motion.

Length of the Delay and Prejudice to Debtor

Two of the other factors in the *Pioneer* analysis are the length of the delay and prejudice – often discussed together. *See In re Enron Corp.*, 419 F.3d at 130; *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr.S.D.N.Y.1995). Also, since the length of the delay "must be considered in the context of the proceeding as a whole," it is evaluated in terms of whether it contributes to prejudice to the Debtors. *Enron*, 419 F.3d at 128.

The Second Circuit has stated that,

> A bar order serves the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization…. Thus, a bar order does not "function merely as a procedural gauntlet," *Kolstad*, 928 F.2d at 173, but as an integral part of the reorganization process.

*In re Hooker Invest., Inc.*, 937 F.2d 833, 840 (2d Cir. 1991). While the Lead Plaintiffs waited five months after the Bar Date and three months after their appointment to appear and seek permission to file a proof of claim, the parties in interest in the bankruptcy case were making significant progress. On December 20, 2009, the Debtors filed a plan support agreement outlining the principal terms of a plan of reorganization that had been agreed to by many of the main parties. (Dckt. No. 1003, *authorized* Dec. 23, 2009, Dckt. No. 1030). The Equity Committee, representing the current equity holders, was not a party, but it has been an active participant in all court proceedings since its formation on March 13, 2009, and it is in a position to play a key role in connection with plan

7

formulation issues. (Dckt. No. 244, *amended* Dckt. No. 245). The Plan Support Agreement requires the Debtors to file a disclosure statement by June 30, 2010. Granting Lead Plaintiffs' motion would likely result in substantial delay and expense and compromise the parties' efforts to formulate a plan on the present timeline. The potential for prejudice is thus greater than would be indicated by "a simple dollar-for-dollar depletion of assets otherwise available for timely filed claims." *Enron*, 419 F.3d at 130, *quoting In re R.H. Macy & Co., Inc.*, 166 B.R. 799, 802 (S.D.N.Y. 1994).

The two *Pioneer* factors – the length of the delay and the potential for prejudice to the Debtors – also weigh heavily against granting Lead Plaintiffs' motion.

Good Faith

The parties do not raise any issue as to the good faith of the Lead Plaintiffs, and it is assumed that Lead Plaintiffs have acted in good faith. However, as three of the four *Pioneer* factors weigh in favor of the Debtors, good faith alone is not enough.

## Conclusion

Lead Plaintiffs' motion to enlarge the time for filing a class proof of claim is denied.[2]

**IT IS SO ORDERED.**

Dated: New York, New York
       May 6, 2010

                                            */s/ Allan L. Gropper*
                                        UNITED STATES BANKRUPTCY JUDGE

---

[2] At the Hearing, Lead Plaintiffs' counsel represented that the class may also be claimants against certain of the Debtors' insurance policies that provide both entity insurance and officer and director coverage. Nothing in this opinion is intended to affect any claim with respect to any insurance policy.