UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRONOX INCORPORATED, <u>et al.</u>,[1] | ) | Case No. 09-10156 (ALG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### ORDER APPROVING THE (A) EXECUTION VERSIONS OF THE ENVIRONMENTAL RESPONSE TRUST AND ANADARKO LITIGATION TRUST AGREEMENTS AND (B) FIRST AMENDMENT TO CONSENT DECREE AND ENVIRONMENTAL SETTLEMENT AGREEMENT

Upon notice of presentment filed on February 4, 2011 [Dkt. No. 2772] by the United States of America (the "**United States**") of the Order Approving the (A) Execution Versions of the Environmental Response Trust and Anadarko Litigation Trust Agreements and (B) First Amendment to Consent Decree and Environmental Settlement Agreement (the "**Approval Order**"); and whereas the Consent Decree and Environmental Settlement Agreement (the "**Environmental Settlement**") was lodged with the Court on November 23, 2010 [Dkt. No. 2555]; and whereas the Environmental Settlement was approved by the Court on January 26, 2011 [Dkt. No. 2747]; and whereas the First Amendment to the Environmental Settlement was filed on February 4, 2011 [Dkt. No. 2771]; and whereas the Environmental Response Trust Agreements[2] were filed with the Court in various forms on January 14, 17 and 18, 2011 and February 4, 7 and 8, 2011 [Dkt. Nos. 2723, 2726, 2727, 2770, 2778 and 2785], subject to

---

[1] The debtors in these cases include: Tronox Luxembourg S.ar.l; Tronox Incorporated; Cimarron Corporation; Southwestern Refining Company, Inc.; Transworld Drilling Company; Triangle Refineries, Inc.; Triple S, Inc.; Triple S Environmental Management Corporation; Triple S Minerals Resources Corporation; Triple S Refining Corporation; Tronox LLC; Tronox Finance Corp.; Tronox Holdings, Inc.; Tronox Pigments (Savannah) Inc.; and Tronox Worldwide LLC.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the *First Amended Joint Plan of Reorganization of Tronox Incorporated et al. Pursuant to Chapter 11 of the Bankruptcy Code*, dated November 5, 2010, as confirmed by the Bankruptcy Court on November 30, 2010 [Dkt. No. 2567].

approval and execution by those with authority; and whereas the Anadarko Litigation Trust Agreement was filed with the Court in various forms on January 21, 2011 and February 10, 2011 [Dkt. Nos. 2740 and 2795], subject to approval and execution by those with authority; and whereas Anadarko Petroleum Corporation and Kerr-McGee Corporation objected to Tronox's entry into the Anadarko Litigation Trust Agreement [Dkt. No. 2760], but such objection has been resolved through revisions both to the Anadarko Litigation Trust Agreement and to this Approval Order; and whereas a revised form of Approval Order, together with final executed exhibits thereto, was filed with the Court on February 13, 2011 [Dkt. Nos. 2808 and 2810]; and it appearing that entry of the Approval Order is endorsed by the debtors and in the best interests of Tronox's estates, its creditors and other parties in interest; and the Court having jurisdiction to the Approval Order pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Approval Order being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Environmental Response Trust Agreements, the Anadarko Litigation Trust Agreement, the First Amendment to the Environmental Settlement and the Approval Order having been adequate and appropriate under the circumstances of these chapter 11 cases, including confirmation of Tronox's plan of reorganization; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

1. The Environmental Response Trust Agreements, in the forms attached hereto as Exhibit 1, are approved.

2. The Anadarko Litigation Trust Agreement, in the form attached hereto as Exhibit 2, is approved. John Hueston is approved as the Anadarko Litigation Trustee. Garretson Resolution Group, Inc., not individually but solely in its representative capacity as trustee of the

Tort Claims Trust; Greenfield Environmental Multistate Trust LLC, not individually but solely in its representative capacity as trustee of the Multistate Trust; Le Petomane XXVII, Inc., not individually but solely in its representative capacity as trustee of the Nevada Trust; and Karen Cordry are approved as Trust Advisory Board members for the Anadarko Litigation Trust.

3. As the transferee of Tronox's claims in the Anadarko Litigation, the Anadarko Litigation Trust shall be deemed to stand in the shoes of Tronox for purposes of (a) all orders previously entered by this Court in the Anadarko Litigation, including but not limited to the Stipulation and Order Regarding Expert Discovery and the Deposition Protocol Stipulation and Order, and (b) the Agreed Protective Order and the Second Agreed Protective Order entered by this Court in these chapter 11 cases.  Disclosure of any privileged documents or communications to the Anadarko Litigation Trust, the Anadarko Litigation Trustee, the Trust Advisory Board, any member of the Trust Advisory Board or any Beneficiary in accordance with the provisions of the Anadarko Litigation Trust Agreement shall not be deemed a waiver of any applicable privilege, immunity or protection for purposes of the Anadarko Litigation or any other Federal or State proceeding.  Capitalized terms used but not defined in this paragraph and not appearing in the Plan shall have the meanings set forth in the Anadarko Litigation Trust Agreement.

4. The First Amendment to the Environmental Settlement, in the form attached hereto as Exhibit 3, is approved.  The First Amendment remains subject to receipt of the signature of the State of Idaho, and shall not go into effect as to the State of Idaho until such signature is received and filed.  Receipt of this signature is not a condition to the Effective Date of the Plan.

5. The parties to the Environmental Response Trust Agreements, the Anadarko Litigation Trust Agreement and the First Amendment to the Environmental Settlement are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York      */s/ Allan L. Gropper*
Date:  February 14, 2011     United States Bankruptcy Judge