**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                            )
TRONOX INCORPORATED, TRONOX                 )
WORLDWIDE LLC f/k/a Kerr-McGee Chemical     )
Worldwide LLC, and TRONOX LLC f/k/a Kerr-   )
McGee Chemical LLC,                         )
                                            )
            Plaintiffs,                     )
v.                                          )
                                            )
KERR-MCGEE CORPORATION, KERR-MCGEE          )
OIL & GAS CORPORATION, KERR-MCGEE           )
WORLDWIDE CORPORATION, KERR-MCGEE           )
INVESTMENT CORPORATION, KERR-MCGEE          )   Case No. _____
CREDIT LLC, KERR-MCGEE SHARED SERVICES      )
COMPANY LLC, and KERR-MCGEE STORED          )   [Bankr. No. 09-10156(ALG);
POWER COMPANY LLC,                          )   Bankr. Adv. Pro. No. 09-01198
                                            )   (ALG)]
            Defendants.                     )
_____ )
                                            )
                                            )
                                            )
THE UNITED STATES OF AMERICA,               )
                                            )
            Plaintiff-Intervenor,           )
v.                                          )
                                            )
TRONOX, INC., TRONOX WORLDWIDE LLC,         )
TRONOX LLC, KERR-MCGEE CORPORATION,         )
and ANADARKO PETROLEUM CORPORATION,         )
                                            )
            Defendants.                     )
_____ )

**ORDER APPROVING REPORT AND RECOMMENDATION OF THE BANKRUPTCY
COURT RECOMMENDING APPROVAL OF SETTLEMENT AGREEMENT
RESOLVING ADVERSARY PROCEEDING AND ISSUANCE OF AN INJUNCTION
<u>ENJOINING CERTAIN PERSONS FROM ASSERTING CERTAIN CLAIMS</u>**

    Upon the Report and Recommendation issued by the United States Bankruptcy

Court for the Southern District of New York on [___,] 2014 (the "***Report and***

***Recommendation***") recommending approval of the Settlement Agreement dated April 3, 2014

(the "***Settlement Agreement***")[1] and the issuance of an injunction enjoining certain persons from asserting certain claims; the Court having considered the Report and Recommendation and all objections (the "***Objections***") and responses thereto; it further appearing that approval of the Report and Recommendation is appropriate based upon the entire record before this Court[, including the hearing on [_____, 2014] in response to any Objections]; and after due deliberation and sufficient cause appearing therefor, the Court hereby makes the following findings of fact and conclusions of law:[2]

## FINDINGS OF FACT

A. On January 12, 2009, Tronox Incorporated, Tronox Luxembourg S.ar.l, Cimarron Corporation, Southwestern Refining Company, Inc., Transworld Drilling Company, Triangle Refineries, Inc., Triple S, Inc., Triple S Environmental Management Corporation, Triple S Minerals Resources Corporation, Triple S Refining Corporation, Tronox LLC, Tronox Finance Corp., Tronox Holdings, Inc., Tronox Pigments (Savannah) Inc., and Tronox Worldwide LLC (collectively, the "***Debtors***") commenced chapter 11 cases (the "***Chapter 11 Cases***") in the Bankruptcy Court. On November 30, 2010, the Bankruptcy Court confirmed the Debtors' Plan. On February 14, 2011, the Plan became effective.

B. In the Chapter 11 Cases, the United States, other governmental entities, and other Persons filed Proofs of Claim against the Debtors on account of, among other things, alleged environmental claims, obligations, and/or liabilities at certain of the Covered Sites (as to

---

[1] A copy of the Report and Recommendation is annexed hereto as ***Exhibit A***. A copy of the Settlement Agreement is annexed hereto as ***Exhibit B***. All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Report and Recommendation or the Settlement Agreement.

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

2

such Proofs of Claim filed by the United States and other governmental entities, the "**Bankruptcy Environmental Claims**," and as to such Proofs of Claim filed by other Persons, the "**Bankruptcy Indirect Environmental Claims**"). Various tort claimants filed Proofs of Claim against the Debtors on account of alleged tort liabilities, including for personal injury and property damage (the "**Bankruptcy Tort Claims**" and, together with the Bankruptcy Environmental Claims and the Bankruptcy Indirect Environmental Claims, the "**Bankruptcy Claims**"). The Bankruptcy Claims were (or will be) resolved or addressed pursuant to the Plan and related agreements, including the Environmental Settlement Agreement, the Cimarron Environmental Response Trust Agreement, the Multistate Environmental Response Trust Agreement, the Nevada Environmental Response Trust Agreement, the Savannah Environmental Response Trust Agreement, the West Chicago Environmental Response Trust Agreement, and the Tort Claims Trust Agreement (collectively, but excluding the Plan and the Environmental Settlement Agreement, the "**Environmental and Tort Trust Agreements**"), and the Litigation Trust Agreement, and other prior proceedings of the Bankruptcy Court.

C. There are two complaints against Anadarko currently being jointly litigated in *Tronox Inc., et al. v. Kerr-McGee Corporation, et al. (In re Tronox Inc.)*, Adv. Proc. No. 09-01198 (Bankr. S.D.N.Y.):

> (i) the Second Amended Adversary Complaint, originally commenced during the Chapter 11 Cases by certain of the Debtors but assigned and transferred to, and currently prosecuted by, the Litigation Trust for the benefit of its beneficiaries (including the United States) pursuant to the Plan, the Litigation Trust Agreement, and the Environmental Settlement Agreement, and which, at the time of trial, asserted claims including: actual fraudulent transfer under Bankruptcy Code §§ 544(b) and 550(a); constructive fraudulent transfer under Bankruptcy Code §§ 544(b) and 550(a); constructive fraudulent transfer under Bankruptcy Code §§ 548 and 550(a); breach of fiduciary duty; equitable subordination; and equitable disallowance; and which originally asserted claims for civil conspiracy, aiding and abetting fraudulent conveyance, unjust enrichment,

3

disallowance of claims pursuant to § 502(d) of the Bankruptcy Code, and disallowance of contingent indemnity claims pursuant to § 502(e)(1)(B) of the Bankruptcy Code; and

(ii) the Complaint-In-Intervention filed by the United States, asserting claims under the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3301–3308.

D. The Plan, Litigation Trust Agreement, and Environmental Settlement Agreement assigned, as provided in the Confirmation Order and the Litigation Trust Agreement, all of the Debtors' respective rights and interests in the Adversary Proceeding (excluding the Complaint-In-Intervention), which includes any claims or causes of action of the Debtors related to the Adversary Proceeding, whether or not asserted in the Adversary Proceeding, to the Litigation Trust for the benefit of the entities listed in Section 1(d) of the Litigation Trust Agreement, which include the Tort Claims Trust (the "*Tort Claims Trust*"), the Cimarron Environmental Response Trust (the "*Cimarron Trust*"), the Multistate Environmental Response Trust (the "*Multistate Trust*"), the Nevada Environmental Response Trust (the "*Nevada Trust*"), the Savannah Environmental Response Trust (the "*Savannah Trust*") (the Tort Claims Trust, Cimarron Trust, Multistate Trust, Nevada Trust and Savannah Trust, along with the West Chicago Environmental Response Trust (the "*West Chicago Trust*"), are hereafter, collectively, the "*Environmental and Tort Trusts*" and each individually an "*Environmental and Tort Trust*"), and certain governmental entities that had asserted Bankruptcy Environmental Claims against the Debtors (collectively, "*Litigation Trust Beneficiaries*"). Pursuant to the Plan, Litigation Trust Agreement, Environmental Settlement Agreement, and Environmental and Tort Trust Agreements (other than the West Chicago Environmental Response Trust Agreement), the Litigation Trust Beneficiaries and beneficiaries of the Environmental and Tort Trusts (together with the Litigation Trust Beneficiaries, the "*Beneficiaries*") are entitled to have paid, on account of their Bankruptcy Environmental Claims and Bankruptcy Tort Claims, specified allocations

4

(the "***Distribution Scheme***") of a share of the net proceeds of any recovery from the Adversary Proceeding, the principal allocation of which involves payment of approximately 88% of the net proceeds of any recovery on account of Bankruptcy Environmental Claims and payment of approximately 12% of the net proceeds of any recovery on account of Bankruptcy Tort Claims, with subsidiary allocations on account of the Bankruptcy Environmental Claims and Bankruptcy Tort Claims governed by the Environmental Settlement Agreement, Litigation Trust Agreement, and the Environmental and Tort Trust Agreements (other than the West Chicago Environmental Response Trust Agreement). Further, the Litigation Trust Agreement provides that the proceeds of any settlement or other resolution of the Complaint-in-Intervention would be treated as if they were funds obtained on the Second Amended Adversary Complaint by the Litigation Trust.

    E. From May 15, 2012 to September 13, 2012, the Bankruptcy Court held trial with respect to the claims against Kerr-McGee Corporation, Kerr-McGee Oil & Gas Corporation, Kerr-McGee Worldwide Corporation, Kerr-McGee Investment Corporation, Kerr-McGee Credit LLC, Kerr-McGee Shared Services Company LLC, and Kerr-McGee Stored Power LLC (the "***Anadarko Trial Defendants***"). On December 12, 2013, the Bankruptcy Court issued its Memorandum Opinion, After Trial (the "***Decision***"), finding the Anadarko Trial Defendants liable under the Second Amended Adversary Complaint for actual and constructive fraudulent conveyances, but not liable for breach of fiduciary duty. The Bankruptcy Court requested and received further briefing on issues respecting the amount of damages. The Decision is not a final judgment and the Bankruptcy Court did not enter final judgment.

    F. Before the proceedings in front of the Bankruptcy Court concluded, the Parties entered into the Settlement Agreement on April 3, 2014, which resolves the Adversary Proceeding and provides for releases, covenants not to sue, and the issuance of an injunction by

5

this Court enjoining certain persons from asserting Trust Derivative Claims and any claims that are duplicative of Trust Derivative Claims.

G. On April 3, 2014, the United States lodged the Settlement Agreement with the Bankruptcy Court. On April 14, 2014, the United States published a notice for public comment thereon in the Federal Register. The comment period expired on May 14, 2014 (and May 21, 2014 for comments relating to the Columbus, Mississippi site). The United States has analyzed and considered the comments received and concluded that those concerns do not undermine the Settlement's fairness, reasonableness and consistency with environmental law.

H. On April 9, 2014, the Litigation Trust and Anadarko filed a motion (the "*9019 Recommendation Motion*") with the Bankruptcy Court, seeking the Report and Recommendation. On May 23, 2014, the United States filed a Joinder in Motion to Approve Settlement Agreement (the "*United States Joinder*") with the Bankruptcy Court. The Bankruptcy Court held a hearing on May 28, 2014 to consider the 9019 Recommendation Motion and the United States Joinder, and issued its Report and Recommendation on [_____,] 2014.

I. The Report and Recommendation found, *inter alia*, that:

- Proper, timely, adequate and sufficient notice of the 9019 Recommendation Motion and United States Joinder was provided, and no other or further notice need be given.

- The Settlement Agreement settles, compromises, resolves and closes the Adversary Proceeding and settles, compromises, resolves, and extinguishes the Trust Derivative Claims, any claims that were asserted or that could have been asserted in the Second Amended Adversary

6

Complaint, and the claims asserted in the Complaint-in-Intervention and the claims that could have been asserted in the Complaint-in-Intervention relating to the subject matter of the Adversary Proceeding, together and on a global basis to the extent provided in the Settlement Agreement.

- Pursuant to the Settlement Agreement, within two Business Days after the Effective Date, Anadarko shall cause to be paid to the Litigation Trust $5,150,000,000.00 plus Interest from the Lodging Date as set forth in Sections 3.1 and 3.3 of the Settlement Agreement by wire transfer of immediately available funds. The Litigation Trust shall cause the Settlement Proceeds to be allocated and distributed to the Litigation Trust Beneficiaries as prescribed by the Litigation Trust Agreement.

- The Litigation Trust succeeded to, as of and after the Plan Effective Date, any and all claims against the Anadarko Released Parties[3] related to the claims, issues and subject matter of the Adversary Proceeding which were held, owned and/or controlled by one or more Debtors before the Plan Effective Date. Since the Plan Effective Date, the Litigation Trust has not sold, assigned, transferred, encumbered, hypothecated, abandoned, conveyed or otherwise disposed of any claims received by the Litigation Trust from Debtors pursuant to the Plan.

---

[3] As set forth in Section 1.9 of the Settlement Agreement, "***Anadarko Released Parties***" shall mean Anadarko Petroleum Corporation, Kerr-McGee Corporation, Anadarko US Offshore Corporation (f/k/a Kerr-McGee Oil & Gas Corporation), Kerr-McGee Worldwide Corporation, KM Investment Corporation, Kerr-McGee Shared Services Company LLC, Kerr-McGee Credit LLC, and Kerr-McGee Stored Power Company LLC, each of their Affiliates, and each of their respective predecessors, successors, and assigns, all of their past, present, and future officers, directors, employees, managers, members, agents, attorneys and other representatives.

- The Settlement Agreement is fair, reasonable, and consistent with environmental law.

- The Settlement Agreement falls well above the lowest point in the range of reasonableness, is reasonable, fair and equitable and is in the best interests of the Parties and the Beneficiaries, and therefore meets the standards for approval under applicable law and Bankruptcy Rule 9019.

- The following permanent injunction should be issued by the District Court: "Pursuant to 28 U.S.C. §§ 1367 & 1651, § 105(a) of the Bankruptcy Code and Bankruptcy Rules 7001 and 7065, (i) any Debtor(s), (ii) any creditor of any Debtor who filed or could have filed a claim in the Chapter 11 Cases, (iii) any other Person whose claim (A) in any way arises from or is related to the Adversary Proceeding, (B) is a Trust Derivative Claim, or (C) is duplicative of a Trust Derivative Claim, and (iv) any Person acting or purporting to act as an attorney for any of the preceding is hereby permanently enjoined from asserting against any Anadarko Released Party (I) any Trust Derivative Claims or (II) any claims that are duplicative of Trust Derivative Claims, whether or not held or controlled by the Litigation Trust, or whether or not the Litigation Trust could have asserted such claims against any Anadarko Released Party. The injunction herein shall not apply to or bar the following: (i) any criminal liability; (ii) any liability arising under Title 26 of the United States Code (Internal Revenue Code) or state tax laws; (iii) any liability arising under federal or state securities laws; (iv) any action to enforce a

8

covenant not to sue, release, or agreement not to seek reimbursement contained in the Settlement Agreement; (v) any liability that an Anadarko Released Party might have that does not arise from or through a liability of a Debtor; (vi) any liability of an Anadarko Released Party due to its status or acts or omissions since November 28, 2005 as a/an (A) owner, (B) operator, (C) discharger, (D) lessee, (E) permittee, (F) licensee, (G) person in charge, (H) holder of a right of use and easement, (I) arranger for disposal or treatment, (J) transporter, or (K) person who generates, handles, transports, treats, stores or disposes of solid or hazardous waste; (vii) any liability relating to the E&P Business or the stored power or battery business (including, but not limited to, as owned or operated by U.S. Avestor LLC and Kerr-McGee Stored Power Company LLC[4]); and (viii) any liability that any Anadarko Released Party retained, received or assumed pursuant to the Assignment Agreement or Assignment, Assumption, and Indemnity Agreement.  For the avoidance of doubt, to the extent that a liability of an Anadarko Released Party excluded from the injunction herein by the preceding sentence would be a liability for which such Anadarko Released Party would be jointly and severally liable with others, including but not limited to one or more Debtors or Reorganized Debtors, under applicable law, nothing in this injunction is intended to alter any such applicable principles of joint and several liability where

---

[4] Provided, however, that as it relates to Kerr-McGee Stored Power Company LLC, subpart (vii) is applicable only to the extent that such liability, if any, relates to or arises from the stored power or battery business.

9

otherwise provided by law.  The injunction herein does not apply to the Litigation Trust and the United States, which are providing releases and covenants not to sue in the Settlement Agreement."

## CONCLUSIONS OF LAW

1. This Court has subject matter jurisdiction to consider the Report and Recommendation and the relief recommended therein, including granting the permanent injunction sought, in accordance with 28 U.S.C. §§ 157, 1334, 1367, and 1651 and the Amended Standing Order of Reference, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012).

2. Venue of this case in this district is proper pursuant to 28 U.S.C. § 1409.

3. Proper, timely, adequate and sufficient notice of the deadline for objections to the Report and Recommendation and the hearing thereon has been given in accordance with Bankruptcy Rules 2002 and 9019.  The foregoing notice constitutes good, appropriate, adequate and sufficient notice.

4. [Discuss any objections to the R&R received.]

5. The Court has considered the probability of success in the Adversary Proceeding, including likely appeals, the complexity of the litigation, and the attendant expense, inconvenience, and delay, and the paramount interests of the direct and indirect beneficiaries of the Litigation Trust, including the United States.  In addition, the Court considered and credits the opinion of the Litigation Trustee, United States, and Anadarko, and their respective counsel, in determining whether a settlement is fair and equitable.

6. The Court concludes that the Settlement Agreement falls well above the lowest point in the range of reasonableness, is reasonable, fair and equitable and is in the best

interests of the Parties and the Beneficiaries, and therefore meets the standards for approval under Bankruptcy Rule 9019.

7. The Court concludes the Settlement Agreement is fair, reasonable and consistent with environmental law.

8. The Settlement Agreement will confer a significant benefit on the Parties and the Beneficiaries and is in the public interest.

9. An injunction pursuant to § 105(a) of the Bankruptcy Code, Bankruptcy Rules 7001 and 7065, and 28 U.S.C. §§ 1367 & 1651 is warranted and necessary as a matter of law. Issuance of the permanent injunction set forth below is necessary and appropriate to carry out the provisions of the Bankruptcy Code, to prevent any entity other than the Litigation Trust from exercising control or possession over property of the estate which has been transferred to the Litigation Trust, and to avoid relitigation or litigation of claims that were or could have been asserted by the Litigation Trustee on behalf of all creditors.

10. The injunction set forth herein is narrowly tailored and is necessary to effectuate the settlement embodied by the Settlement Agreement.[5]

For all of the foregoing reasons, it is hereby

ORDERED, ADJUDGED, AND DECREED that the Report and Recommendation is approved in its entirety and all Objections are overruled in their entirety; and it is

ORDERED, ADJUDGED, AND DECREED that the Settlement Agreement is hereby approved in its entirety, and the parties to the Settlement Agreement are authorized and

---

[5] To the extent that Federal Rule of Bankruptcy Procedure 7065 applies, the injunction provided for in this Order satisfies subsection (d) thereof by setting forth the reasons for its issuance, the specific terms thereof, and a description in reasonable detail of the act or acts restrained or required.

11

directed to take such action as is necessary to effectuate the terms of the Settlement Agreement; and it is further

ORDERED, ADJUDGED, AND DECREED that pursuant to 28 U.S.C. §§ 1367 & 1651, § 105(a) of the Bankruptcy Code and Bankruptcy Rules 7001 and 7065, (i) any Debtor(s), (ii) any creditor of any Debtor who filed or could have filed a claim in the Chapter 11 Cases, (iii) any other Person whose claim (A) in any way arises from or is related to the Adversary Proceeding, (B) is a Trust Derivative Claim, or (C) is duplicative of a Trust Derivative Claim, and (iv) any Person acting or purporting to act as an attorney for any of the preceding is hereby permanently enjoined from asserting against any Anadarko Released Party (I) any Trust Derivative Claims or (II) any claims that are duplicative of Trust Derivative Claims, whether or not held or controlled by the Litigation Trust, or whether or not the Litigation Trust could have asserted such claims against any Anadarko Released Party. The injunction herein shall not apply to or bar the following: (i) any criminal liability; (ii) any liability arising under Title 26 of the United States Code (Internal Revenue Code) or state tax laws; (iii) any liability arising under federal or state securities laws; (iv) any action to enforce a covenant not to sue, release, or agreement not to seek reimbursement contained in the Settlement Agreement; (v) any liability that an Anadarko Released Party might have that does not arise from or through a liability of a Debtor; (vi) any liability of an Anadarko Released Party due to its status or acts or omissions since November 28, 2005 as a/an (A) owner, (B) operator, (C) discharger, (D) lessee, (E) permittee, (F) licensee, (G) person in charge, (H) holder of a right of use and easement, (I) arranger for disposal or treatment, (J) transporter, or (K) person who generates, handles, transports, treats, stores or disposes of solid or hazardous waste; (vii) any liability relating to the E&P Business or the stored power or battery business (including, but not limited to, as owned or

12

operated by U.S. Avestor LLC and Kerr-McGee Stored Power Company LLC[6]); and (viii) any liability that any Anadarko Released Party retained, received or assumed pursuant to the Assignment Agreement or Assignment, Assumption, and Indemnity Agreement. For the avoidance of doubt, to the extent that a liability of an Anadarko Released Party excluded from the injunction herein by the preceding sentence would be a liability for which such Anadarko Released Party would be jointly and severally liable with others, including but not limited to one or more Debtors or Reorganized Debtors, under applicable law, nothing in this injunction is intended to alter any such applicable principles of joint and several liability where otherwise provided by law. The injunction herein does not apply to the Litigation Trust and the United States, which are providing releases and covenants not to sue in the Settlement Agreement; and it is further

ORDERED, ADJUDGED, AND DECREED that this Court and the Bankruptcy Court shall retain jurisdiction over any and all disputes arising under or otherwise relating to this Order.

Dated: New York, New York
[_____], 2014

HONORABLE [_____]<br>
UNITED STATES DISTRICT JUDGE

---

[6] Provided, however, that as it relates to Kerr-McGee Stored Power Company LLC, subpart (vii) is applicable only to the extent that such liability, if any, relates to or arises from the stored power or battery business.

13