UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
TRONOX INCORPORATED *et al.*,                               :   Case No. 09-10156 (ALG)
                                                            :
                                Debtors.                    :   Jointly Administered
------------------------------------------------------------------x

# DECISION AND ORDER DENYING MOTION FOR LEAVE
# TO FILE A LATE PROOF OF CLAIM

Before the Court is the motion of Standard Bank Trust Company, as trustee under trust number 21032, dated May 18, 2011 ("Standard Bank"), for leave to file a late proof of claim pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1). For the reasons stated herein, the motion is denied.

# BACKGROUND

Tronox Incorporated ("Tronox") and fourteen affiliates filed chapter 11 petitions on January 12, 2009. By order, the Court set August 12, 2009 (the "Bar Date") as the deadline for filing all proofs of claim. Notice of the Bar Date was published in the national edition of *The Wall Street Journal* on June 22, 2009 (Dkt. # 1465, ex. NN) and in the *Chicago Tribune*, in Chicago, Illinois, on June 23, 2009 (See Dkt. # 1465, ex. L).[1] On November 30, 2010, the Court confirmed the Debtors' reorganization plan.

---

[1] It was also published in two other Illinois publications (see Dkt. # 1465), the *Edwardsville Intelligencer* in Madison County, Edwardsville, Illinois on June 22, 2009 (ex. P), and the *Marion Daily Republican* in Williamson County, Marion, Illinois on June 22, 2009 (ex. A), as well as in 36 other publications throughout the United States.

1

Standard Bank asserts that it is is the current owner of property known as 164-166 East Grand Avenue, Chicago, Illinois (the "Property"), which it purchased on or about June 21, 2011 from SBT-BB, LLC ("SBT").  SBT allegedly owned the Property from April to June 2011 and acquired it from Boston Blackies Properties IV, LLC ("Boston Blackies"), which had owned it from October 27, 2006 to April 6, 2011.  Standard Bank asserts that the Property contains radioactive thorium contamination caused, according to Standard Bank, by past thorium processing activities conducted on nearby properties owned by Tronox.  Before the purchase, Standard Bank states that it obtained a Phase I Environmental Assessment report for the Property (the "Report"), which according to Standard Bank did not mention the thorium contamination or the bankruptcy proceeding involving Tronox.  Standard Bank alleges that it first learned of thorium contamination in October 2012 (Motion ¶ 24), and on March 26, 2014, retained a law firm and began preparing a claim against Tronox.  On September 11, 2014 Standard Bank filed its motion for leave to file a late proof of claim.  Standard Bank recognizes that its claim was first filed over five years after the Bar Date, but it asserts that its failure to act in a timely manner was the result of "excusable neglect" because it had no notice from Tronox and acted within a reasonable time.

## DISCUSSION

Standard Bank's right to file a late proof of claim depends on whether it can establish excusable neglect under Bankruptcy Rule 9006(b)(1). The Supreme Court has held that an "excusable neglect" determination should take into account "all relevant circumstances," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith*." Pioneer Inv. Servs. Co. v.*

2

*Brunswick Assocs, Ltd. P'ship*, 507 U.S. 380, 395 (1993).  The movant has the burden of proving that these factors establish excusable neglect. *See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 121 (2d Cir. 2005).  In *Enron*, the Second Circuit further held that "a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." 419 F.3d at 123.

### 1. The Length of Delay and the Reason for the Delay

Based on Standard Bank's own acknowledgement, it first learned of the contamination in October 2012, but did not move to file a proof of claim until September 2014.  Courts in the Second Circuit have held that shorter delays are substantial and militate against a finding of excusable neglect.  For, example, in *Enron*, 419 F.3d at 128, the Court found that a six-month delay was substantial; in *In re XO Communications, Inc.*, 301 B.R. 782, 797 (Bankr. S.D.N.Y. 2003), a four-month delay was deemed substantial.  Other courts have found insufficiently explained reasons for delay between discovery of an alleged claim and filing of a motion as substantial.  *See*, *PacifiCorp & Van Cott Bagley Cornwall & McCarthy v. W.R. Grace*, Civil Action No. 05-764, Bankr. No. 01-1139, 2006 WL 2375371, at *14 (D. Del. Aug. 16, 2006) ("Appellants have not adequately explained why it took them six months to file with the Bankruptcy Court after they did have knowledge of their claims."); *In re Biocoastal Corp.*, 242 B.R. 43, 46 (M.D. Fla. 1998) (upholding Bankruptcy Court's finding of no excusable neglect, where movant discovered claim after bar date but waited a year to move to file it).  Standard Bank moved to file a proof of claim almost two years after it discovered the alleged contamination (and more than five years after the Bar Date passed).  Standard Bank argues that its delay was reasonable because it took time to sort through "documents," and that it needed

3

time to retain counsel. Its delay even after it learned the key facts on which it relies is substantial and insufficiently explained.

Standard Bank also asserts that notice of the bankruptcy proceeding provided by Tronox was inadequate. Tronox published the notice of the Bar Date in the national version of *The Wall Street Journal*, the Chicago Tribune, and in many other publications. At the time, Boston Blackies owned the Property. Standard Bank has not introduced admissible evidence as to notice provided Boston Blackies or, equally important, Boston Blackies' knowledge of the alleged contamination or Tronox's chapter 11 case.[2] Nor is there anything in the record that suggests that Tronox knew or should have known of Boston Blackies as a potential creditor based on Tronox's own records. In any event, Standard Bank purchased the Property <u>after</u> the Bar Date. The instant motion is thus based on the proposition that a purchaser of property after the Bar Date can file a late proof of claim, claiming as an excuse that it was a subsequent purchaser (see Motion ¶ 1). This would make finality impossible in any bankruptcy case. A subsequent purchaser of property protects itself by obtaining representations and warranties from its predecessor, a matter as to which Standard Bank is silent. It may also, of course, obtain an environmental report. At oral argument, Standard Bank disclosed that it is suing the entity that provided it with a Phase I Environmental Report.

In any event, on the instant record, constructive notice to Boston Blackies was sufficient. When a creditor is unknown to a debtor, publication notice of the claims Bar Date is adequate constructive notice sufficient to satisfy due process requirements. *Mullane v. Central Hanover*

---

[2] To prove that the prior owners of the Property did not receive notice, Standard Bank submitted copies of property deeds to establish the names of the previous owners, and a copy of a recent mailing matrix from the docket, dated July 7, 2014, that does not list Boston Blackies. A copy of a 2014 mailing matrix does not establish lack of notice of a filing made 5 years earlier, and in any event, would not establish whether the prior owners "knew or should have known" of the claim.

4

*Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *In re U.S.H. Corp. of New York*, 223 B.R. 654, 658 (Bankr. S.D.N.Y. 1998) (holding that publication notice is "more than sufficient to satisfy due process requirements" and that if plaintiffs were "'unknown' creditors at the time of the Bar Order," their claims are barred). A "known" creditor is one who is either known or "reasonably ascertainable by the debtor." *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988). A creditor is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *DePippo v. Kmart Corp.*, 335 B.R. 290, 296 (Bankr. S.D.N.Y. 2005). "Reasonably diligent efforts" require only internal searches of the debtor's own books and records, not extended and external searches. *Id.* at 296. A creditor is "unknown" even if its existence could be discovered by an external investigation, as a debtor cannot be required to provide actual notice to any party merely because it might have been impacted by its actions. *Id.* at 296-97. There is no indication in the record that Boston Blackies was known as a creditor to Tronox.

## 2. Prejudice to the Debtor

A further factor in determining "excusable neglect" that would justify a late proof of claim is prejudice to the debtor. Tronox's plan has been confirmed for almost four years and all distributions have been made. Distributions may still be available through a settlement of litigation, and at oral argument, Standard Bank conceded that it was not entirely shut out from attempting to obtain relief in the litigation settlement as a "Future Tort Claimant," according to the terms of the a Tort Claims Trust Agreement. (See exhibit A to Dkt. # 2568, Amended Exhibits to the Plan Supplement for the First Amended Joint Plan of Reorganization). Standard Bank says it is not satisfied with this result because, according to a recent status report issued by

5

the Tort Claims Trustee,[3] based on the recoveries by the different categories and the quantity of claims asserted against them, a recovery as an "Indirect Environmental Claimant" would have been greater than one as a "Future Tort Claimant" in the litigation. However, all distributions were made in the bankruptcy case years ago. All claims were liquidated. Standard Bank's lower potential recovery should not force Tronox to litigate claims of this nature, especially as it would open the door to a flood of similar claims. *See In re Biocoastal Corp.*, 242 B.R at 46 (upholding bankruptcy court finding that claims litigation would constitute prejudice).

## CONCLUSION

The motion to file a late proof of claim is denied.

IT IS SO ORDERED.

Dated: New York, New York
       November 7, 2014

                                              **s/Allan L. Gropper**
                                              UNITED STATES BANKRUPTCY JUDGE

---

[3] Annual Report and Account of the Tronox Incorporated Tort Claims Trust for the Year Ending December 31, 2013 (the "Annual Report") filed, on April 30, 2014, by the Garretson Resolution Group, Inc. (Dkt. No. 2986).