**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————

|  |  |  |
|---|---|---|
| | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **TRONOX INCORPORATED, et al.,** | : | **Case No. 09-10156 (MEW)** |
| | : | **Jointly Administered** |
| **Reorganized Debtors.** | : | |
| | : | |

———————————————————————

**DECISIONS AS TO (1) PENDING MOTIONS FOR RECONSIDERATION OF THIS COURT'S MARCH 10, 2021 DECISIONS AND SUBSEQUENT ORDERS DENYING CERTAIN PENDING MOTIONS BY TORT CLAIMANTS FOR RELIEF FROM THE 2009 BAR DATE, AND AS TO (2) THOSE MOTIONS FOR BAR DATE RELIEF AS TO WHICH THE COURT PERMITTED SUPPLEMENT SUBMISSIONS**

On March 10, 2021, this Court issued a Decision (the "**March 2021 Decision**") that ruled on approximately 4,676 separate motions that had been filed by tort claimants who sought permission to file claims notwithstanding their failure to do so by the August 12, 2009 "bar date" that a predecessor judge had set in these cases.  [ECF No. 9498]  The March 2021 Decision was accompanied by tables that described the rulings as to each separate motion, and separate Orders were entered that set forth the mechanics for notifying movants of the Court's rulings.  [ECF Nos. 9502 through 9507.]  The Court has received motions from some claimants that seek reconsideration of the Court's prior rulings; those are addressed below.  In addition, in its prior rulings the Court permitted supplemental submissions to be made by certain movants who had alleged that they were minors or were incompetent at the time of the August 12, 2009 bar date, or that they had been in military service at that time.  Some of those movants did so, but many did not do so.

The Court's rulings on the open motions are set forth below and in the attachments to the Order that is being entered this same day.  That separate Order describes the means of providing notices to Movants and the procedure for the entry of Orders that reflect the Court's rulings.

1

## I.    Motions for Reconsideration

A movant who seeks reconsideration of a decision or order must show there was an intervening change in controlling law, or the availability of new evidence that was not previously available, or the need to correct a clear error or prevent manifest injustice.  *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 43 F Supp 3d 369, 373 (S.D.N.Y. 2014) (citations omitted); *In re C-TC 9th Ave. Partnership*, 182 BR 1, 3 (N.D.N.Y. 1995).  The standard is strict and a party seeking reconsideration has the burden to show that a court overlooked controlling decisions or material facts that were before it on the original motion, and that might materially have influenced its earlier decision.  *Facebook*, 43 F.Supp.3d at 373-374; *Analytical Surveys, Inc. v Tonga Partners, L.P.*, 684 F3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (noting that reconsideration motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.")

Unfortunately, but perhaps understandably, many movants appear to believe that the only relevant issues are (a) whether they were injured, and (b) whether they actually knew of the bankruptcy claims process in 2009.  However, the mere fact that a party was injured, or that a party would have been entitled to assert a claim, is not enough to justify relief from the bar date.  Similarly, for the reasons explained at length in the Court's March 2021 Decision, a lack of actual knowledge is not enough to warrant relief from a bar date; indeed, a bar date could not properly function if that were the standard.  Claimants who seek relief on "excusable neglect" grounds must show that they made diligent efforts to investigate and to pursue their legal rights and that despite such efforts they were unable to learn of the bankruptcy process or to participate in it until the time when they actually filed their late claims.

The Court has reviewed each of the motions for reconsideration and its decisions as to each such motion are set forth in **Exhibits A1, B1 and C1** to the Order being entered this same day. As indicated therein, the motion listed in **Exhibit A1** will be granted but solely to the extent that the claimant may allege that a particular condition was not first diagnosed until after the August 12, 2009 bar date. The motions listed in **Exhibit B1** fail to allege any factual matters that the Court overlooked and fail to identify any legal errors in the Court's prior decisions, and they are denied. The motion listed in **Exhibit C1** is premature because it seeks "reconsideration" as to a motion that was not addressed in the March 2021 Decision and accompanying orders and as to which the Court had made no decision.

## II.    Motions As To Which Supplement Submissions Were Permitted But Not Made

The Court's prior Orders identified a number of motions for which supplemental submissions were allowed. Many of those movants did not take advantage of the opportunity that was provided and did not make any supplemental submissions, and it is appropriate for the Court to rule on those motions now. The motions listed on **Exhibit D1** to the accompanying Order will be denied in their entirety. The motions listed on **Exhibit E1** to the accompanying Order will be denied as to conditions first diagnosed prior to the August 12, 2009 bar date, but any claims by those movants that are based on conditions that allegedly were first diagnosed after the bar date are referred to the Tort Claims Trust for resolution under the Trust's normal dispute resolution procedures.

## III.    Rulings on Motions for Which Supplemental Submissions Were Filed

The Court explained in its March 2021 Decision that the proper functioning of the bar date requires that parents or guardians file claims on behalf of minors or incompetent persons in or to preserve those persons' rights. However, the Court permitted supplemental submissions to

explain why parents or guardians had not done so and to consider whether the parents' or guardians' failures could be excused under the applicable legal standards. The Court also permitted supplemental submissions on behalf of persons who claimed that military service provided grounds for relief from the Bar Date.

Unfortunately, as noted above, many movants appear to believe that the only relevant issues are (a) whether they were injured, and (b) whether they (or their parents or guardians) actually knew of the bankruptcy claims process in 2009. Under the applicable standards, however, relief based on "excusable neglect" requires a showing that the movant (or the movant's parents or guardians) were diligent in investigating and pursuing legal rights and claims. Relief therefore required an explanation of what the parents or guardians had done, and an explanation of why so much delay occurred before a late claim actually was filed.

The Court has reviewed all of the motions for which supplements were filed and its rulings on each motion are attached to the Order being entered this same day. The motions listed in **Exhibit F1** to the accompanying Order are being granted. The claims asserted by the claimants whose motions are granted will be treated as timely-filed Future Tort Claims. For the avoidance of doubt: the Court's ruling relates only to the timeliness of the claim in relation to the Bar Date. The merits of the claims that are subject to the motions listed on Exhibit F1 are to be resolved by the Tort Claims Trust pursuant to its normal dispute resolution procedures.

The motions listed in **Exhibit G1** to the accompanying Order are denied in their entirety. The motions listed in **Exhibit H1** are denied as to conditions first diagnosed prior to the August 12, 2009 bar date, but any claims by those movants that are based on conditions that allegedly were first diagnosed after the bar date are referred to the Tort Claims Trust for resolution under the Trust's normal dispute resolution procedures.

4

## IV.    Other Matters

The March 2021 Decision and accompanying Orders listed five motions that had appeared on the Trust's list of pending motions but that did not appear on the Court's docket. One of those listed motions (by Evaleen Bridges) actually appears to correspond to a motion that was addressed in the March 2021 Decision as having been filed by "Evaleem Bridges" and for which a motion for reconsideration has been filed. The Court will deny the motion for reconsideration as to claims by Evaleen/Evaleem Bridges pursuant to the Order attached as Exhibit B to the Order (the "**Exhibit B Order**") entered this same day, and when entered on March 31, 2022 the Exhibit B Order will be a final ruling as to motions by or on behalf of Evaleen/Evaleem Bridges.

The March 2021 Decision and accompanying Orders also referred to a motion by "Mattie Jackson" that appeared on the Trust's summary. The March 2021 Decision and accompanying Orders denied a separate motion that had been filed by Mary Jackson with reference to a Mattie Jackson, but the Court has no record of a motion filed by Mattie Jackson on her own behalf. Three other motions that had been listed on the Trust's summary (on behalf of Timothy Byrd, TJ Godfrey and Stephanie Bluitt) also did not correspond to any motion on the Court docket and therefore were not ruled upon. Nothing in this Decision, or the accompanying Order, should be interpreted as ruling upon motions by Mattie Jackson (on her own behalf) or by Timothy Byrd, TJ Godfrey or Stephanie Bluitt.

Dated: New York, New York
           March 3, 2022

/s/ **Michael E. Wiles**
Honorable Michael E. Wiles
United States Bankruptcy Judge

5